## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAVON MARSHALL, et al.,** | ) | |
| | ) | **Civil Action No. 3:14-cv-1945** |
| **Plaintiffs,** | ) | |
| | ) | **Chief District Judge Kevin H. Sharp** |
| **v.** | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| **ESPN INC., et al.,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING THE RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS

---

Pursuant to Middle District of Tennessee Local Rule 16.01(d)(2)(h), (e)(1), Defendants submit this memorandum of law in support of their Motion to Stay Discovery Pending the Resolution of Defendants' Motions to Dismiss.[1]

## INTRODUCTION

Plaintiffs are 10 former college basketball and football players seeking to represent a putative class consisting of thousands of college basketball and football players. They sue 27 defendants and assert seven causes of action. The gist of Plaintiffs' Complaint is that all college basketball and football players who have ever appeared in any televised game have "rights of publicity," such that Tennessee's Personal Rights Protection Act and common law require them to be paid because their names, images or likenesses appeared during televised game broadcasts. Plaintiffs also assert several other causes of action, each of which is premised on an underlying right of publicity—including a claim for antitrust violations under the Sherman Act.

As described more fully in Defendants' pending motions to dismiss, each of Plaintiffs' claims is fatally flawed. Plaintiffs' right of publicity claims are expressly barred by the very statute they seek to invoke, and no state's common law, including Tennessee's, recognizes the right of publicity that Plaintiffs attempt to assert. Each of Plaintiffs' other causes of action must fail because their right of publicity claims fail, and for numerous other reasons. Plaintiffs' antitrust claims are deficient in numerous respects: they do not point to any agreement or conspiracy among Defendants (let alone any anticompetitive agreement or conspiracy); the amateurism rules they dislike have been blessed by the United States Supreme Court; and the Complaint does not plausibly allege injury to competition in any relevant market. Each Defendant moved to dismiss the Complaint in its entirety on December 10, 2014.

---

[1] Defendants have conferred in good faith with opposing counsel in an effort to resolve the issues addressed by the present motion. *See* Fed. R. Civ. P. 26(c)(1).

Proceeding to discovery before a ruling on the motions to dismiss would impose a substantial burden on Defendants. As numerous courts have recognized, discovery in antitrust cases is by its very nature extremely burdensome. Courts also recognize that class action discovery is burdensome. Defendants do not agree that there is a valid antitrust claim or that this is a proper class action, but that is how Plaintiffs frame their Complaint. Thus, if discovery is allowed, Plaintiffs will seek both antitrust-related discovery *and* class action discovery. Moreover, Plaintiffs have sued 27 defendants, scattered throughout the country, referencing numerous broadcast agreements that span many decades, based on legal theories that have been repeatedly rejected, including by the United States Supreme Court. Defendants respectfully submit that this is a situation in which the Court should exercise its gatekeeper role at the pleading stage before permitting burdensome and expensive discovery, as courts in this Circuit often have done. "The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (internal quotation marks omitted).

Postponing discovery pending a ruling on Defendants' motions to dismiss would not prejudice Plaintiffs. There is no risk of evidence being lost; all Defendants have instituted discovery holds. Plaintiffs cannot demonstrate a compelling need to proceed with nonjurisdictional discovery while dispositive motions are pending. Finally, discovery is not needed to permit a ruling on the pending nonjurisdictional motions to dismiss.[2]

---

[2] Plaintiffs may seek limited discovery in response to certain Licensing Defendants' motions to dismiss for lack of personal jurisdiction. This motion to stay does not address discovery on purely jurisdictional issues as to those defendants' motions, and the scope of any such discovery would be subject to separate negotiations between counsel.

2

# BACKGROUND

Plaintiffs filed their putative class action complaint on October 3, 2014

("Complaint"), purporting to represent "[a]ll current and former Student Athletes residing in the

United States who are or have been members of an FBS . . . men's football team or an NCAA

Division I college or university men's basketball team and whose images have been used,

licensed or sold by Defendants, their co-conspirators, or their licensees." (Compl. ¶ 83.)  The

Complaint does not apply a timeframe to the proposed class definition. (*Id.* ¶¶ 83-84.)  The

Complaint names 27 Defendants, which Plaintiffs group into three categories:  (1) the "Broadcast

Defendants"[3] (referred to herein as the Network Defendants); (2) the "Conference Defendants";[4]

and (3) the "Licensing Defendants."[5]  (*Id.* ¶¶ 21-75.)  Defendants are corporations or entities

located throughout the country. (*Id.*)

Plaintiffs assert seven causes of action:  violation of Tennessee's statutory right of

publicity; violation of Tennessee's common-law right of publicity; violation of Section 1 of the

Sherman Antitrust Act; false endorsement in violation of Section 43(A) of the Lanham Act; civil

conspiracy; unjust enrichment; and accounting. (*Id.* ¶¶ 148-194.)

On December 10, 2014, the Network Defendants, Conference Defendants and

Licensing Defendants each filed a motion to dismiss the Complaint for failure to state a claim.

---

[3] ESPN Inc.; CBS Broadcasting Inc.; NBCUniversal Media, LLC (sued as National Broadcasting Company Inc.); ABC, Inc.; and Fox Broadcasting Company (sued as FOX, Inc.). (Compl ¶¶ 21-35.)

[4] Atlantic Coast Conference; The Big Ten Conference, Inc.; Big 12 Conference; Pac-12 Conference (sued as Pacific-12 Conference); Southeastern Conference; Conference USA; Big East Conference, Inc.; and Ohio Valley Conference. (*Id.* ¶¶ 36-43.)

[5] IMG Worldwide, LLC (sued as IMG Worldwide, Inc.); IMG College, LLC; Big Ten Network, LLC (sued as Big Ten Network Services, LLC); CBS Collegiate Sports Properties, Inc., which is now known as Outfront Media Sports, Inc.; JMI Sports LLC; TeleSouth Communications, Inc.; T3 Media, Inc.; Learfield Sports LLC; and William Morris Endeavor Entertainment, LLC (sued as William Morris Endeavors, LLC). (*Id.* ¶¶ 44-75.)

3

Those motions, which are currently pending, seek to dismiss with prejudice all claims in the Complaint as to all Defendants. If successful, this matter will be terminated in its entirety, and no discovery will be necessary. Even if the motions are granted only in part, a discovery stay will avoid wasteful discovery into at least certain issues and/or parties. If the motions to dismiss are denied in their entirety, all parties may then proceed to discovery with no prejudice to any party.

## ARGUMENT

### I. Discovery Should Be Stayed Pending the Resolution of Defendants' Motions To Dismiss.

Because Plaintiffs have sued numerous corporate defendants, asserted multiple claims, including antitrust claims, and styled their Complaint as a putative class action, discovery will be extremely burdensome, with attendant discovery disputes likely on a broad swath of topics, including over scope, burden and relevance. On the other hand, Plaintiffs would suffer no prejudice from postponing nonjurisdictional discovery until the Court rules on the legal validity of the Complaint.

#### A. District Courts Regularly Exercise Their Discretion To Stay Discovery During the Pendency of a Motion To Dismiss in Complex Cases.

Defendants acknowledge that there is no *automatic* stay of discovery upon the filing of a motion to dismiss. However, the nature of Plaintiffs' claims, which include sweeping antitrust allegations against numerous defendants on behalf of a purported nationwide class, counsels in favor of the Court exercising its discretion to stay discovery pending a ruling on Defendants' motions to dismiss. Such a stay is especially warranted because the foundation of Plaintiffs' antitrust claims rests on asserting publicity rights that have never been recognized in Tennessee or any other state.

"The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz*,

4

341 F.3d at 566 (internal quotations marks omitted).  This Court's Local Rules specifically

contemplate that, in appropriate circumstances, the case management judge may stay discovery

pending the resolution of a motion to dismiss.  *See* M.D. Tenn. Local Rule 16.01(e)(1)

(authorizing a case management judge to stay discovery); M.D. Tenn. Local Rule 16.01(d)(2)(h)

(providing that an initial case management order shall address "[a]ny stay of discovery").

Applying those concepts, district courts in the Sixth Circuit have frequently

granted motions to stay discovery during the pendency of Federal Rule of Civil Procedure

12(b)(6) motions to dismiss.[6]  And discovery stays are particularly common and appropriate in

complex cases involving antitrust claims and class actions.[7]

---

[6] *See Smartvue Corp. v. Mistral Software PVT, Ltd.*, No. 3:11-1145 (M.D. Tenn. Feb. 6, 2012) (Sharp, C.J.) (order granting stay of discovery pending resolution of motion to dismiss); *Collins v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11-0264 (M.D. Tenn. Dec. 23, 2011) (Sharp, C.J.) (order granting stay of discovery pending resolution of dispositive motions); *Chapman v. Bell*, No. 3:11-1135 (M.D. Tenn. Oct. 30, 2012) (order granting stay of discovery pending resolution of dispositive motions); *Daugherty v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:08-0695 (M.D. Tenn. Sept. 15, 2008) (order staying discovery for at least three months during pendency of motion to dismiss); *Daugherty v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, No. 3:08-0695 (M.D. Tenn. Dec. 18, 2008) (order extending discovery stay for an additional three months during pendency of motion to dismiss); *see also MacConnell v. Plummer*, No. 3:13cv00034, 2013 WL 3475164, at *1 (S.D. Ohio July 10, 2013); *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *2 (E.D. Tenn. Aug. 9, 2012) (finding "that the burden of proceeding with discovery upon the party from whom discovery is sought outweighs the hardship which will be worked by a denial of discovery"); *Sims v. First Horizon Nat'l Corp.*, No. 08-2293-STA-cgc, 2009 WL 1789090, at *6 (W.D. Tenn. June 23, 2009) (granting motion to stay discovery "in recognition of the potential time and expense involved in conducting such discovery"); *Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224, at *2 (E.D. Mich. June 19, 2006) ("Even if the Court does not dismiss Plaintiff's claims entirely, a resolution of the motion may narrow the causes of action and relevant issues in this lawsuit."); *Manion v. Evans*, No. 3:89CV7436, 1991 WL 575715, at *5 n.2 (N.D. Ohio July 8, 1991).

[7] *See, e.g.*, *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908-09 (6th Cir. 2009); *Schmaltz v. Smithkline Beecham Corp.*, No. 08-cv-00119-WDM-MEH, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008).

**B.    Defendants Would Face a Substantial Burden Absent a Discovery Stay, But Plaintiffs Would Suffer No Prejudice.**

"In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012) (internal quotation marks omitted).

1.    Burden on Defendants.

Here, the burden on Defendants would be substantial for at least three reasons:

*First*, the very nature of Plaintiffs' claims makes discovery burdensome.

Plaintiffs assert antitrust claims and, as the Supreme Court recognized in *Twombly*, antitrust discovery is inherently burdensome and expensive: "[t]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted); s*ee also Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983) (stating in the context of an antitrust case that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed").  In fact, the Sixth Circuit has made clear that, "[p]ursuant to *Twombly*, district courts *must* assess the plausibility of an alleged illegal agreement *before* parties are forced to engage in protracted litigation and *bear excessive discovery costs*." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908-09 (6th Cir. 2009) (emphases added); *see also In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007)

6

("To be sure, to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome."). Courts routinely stay all discovery during the pendency of a motion to dismiss an antitrust complaint, and the presence of an antitrust claim here weighs heavily in favor of a discovery stay.[8]

It also is well recognized that "class action discovery [is] likely [to] present a burden on the Defendant while its dispositive motion is pending." *Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. CV 13-649(DRH)(AKT), 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014); *Schmaltz v. Smithkline Beecham Corp.*, No. 08-cv-00119-WDM-MEH, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008) (recognizing the "significant burden of discovery attendant with a putative class action"). Given that Plaintiffs allege injury for every class member, and that Tennessee law requires actual damages to be shown, the type of individual discovery needed even to show that individual issues so predominate that no class could *ever* be

---

[8] *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("In antitrust cases [a stay of discovery pending a motion to dismiss] especially makes sense because the costs of discovery in such actions are prohibitive."); *Actelion Pharms. Ltd v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013) (granting stay of discovery pending resolution of motion to dismiss in antitrust case after concluding that "the potential cost of discovery establishes a specific and substantiated risk of harm"); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) (granting stay of discovery and noting that "[c]ritically, this is an antitrust case, which directly invokes the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery"); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) ("Absent circumstances presenting a compelling need for prompt discovery—as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness—the court finds that the principles underlying *Twombly* counsel in favor of granting [antitrust] defendants' motion to stay."); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, No. H-08-CV-0857, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008) (granting discovery stay in antitrust case where "the discovery requested by Plaintiff would constitute an undue burden for Defendants" due to Defendants' "need to review such a large volume of documents prior to producing them"); *Graphics Processing Units*, 2007 WL 2127577, at *5 (staying discovery, reasoning that "[a]fter full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow").

7

certified could require extensive and exhaustive fact and expert discovery. *See* Compl. ¶ 119 (alleging damages worth from $456,000 to $1,060,000 per student-athlete); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (reversing class certification because the damages model put forth by plaintiffs' expert was not "capable of measurement on a classwide basis"). Thus, the presence of class action allegations—built on top of the underlying, broad antitrust claim—is another factor that weighs in favor of staying discovery. *See, e.g.*, *Schmaltz*, 2008 WL 3845260, at *1-2 (staying discovery on all class claims during pendency of motion to dismiss); *Hill v. Chase Bank, NA*, No. 2:07-CV-82-AS, 2007 WL 4224073, at *5 (N.D. Ind. 2007) (staying class-based discovery during pendency of motion to dismiss).

     *Second*, Plaintiffs make sweeping factual allegations, making discovery in this case especially burdensome. Plaintiffs have named 27 defendants spread throughout the country. (Compl. ¶¶ 21-75.) Plaintiffs purport to bring claims on behalf of 10 named plaintiffs, each of whom, under Plaintiffs' theory, has claims against multiple defendants. (*Id.* ¶¶ 11-20, 83, 87, 148-194.) Plaintiffs allege a supposed conspiracy that spans decades, citing no fewer than 14 "examples" of current and past broadcast agreements dating back to 1979. (*Id.* ¶¶ 105-108, 113.) Although Defendants do not concede the appropriateness of any discovery demands Plaintiffs may make, even relatively narrow discovery requests, seeking documents of that scope over that time period, when multiplied by 27, would be a huge undertaking resulting in significant discovery costs. That burden weighs in favor of staying discovery while the Court can decide whether the Complaint asserts any legally viable claim. *See, e.g.*, *Sims v. First Horizon Nat'l Corp.*, No. 08-2293, 2009 WL 1789090, at *6 (W.D. Tenn. June 23, 2009) (staying discovery in a complex five-count ERISA case "in recognition of the potential time and expense involved in conducting such discovery"). Even if the motions to dismiss are granted

only in part, the burden of discovery will be greatly diminished as to those parties or claims that will no longer be in dispute.

*Third*, discovery prior to the Court's determination on the motions to dismiss is likely to be wasteful. A court properly exercises its discretion to stay discovery during the pendency of a motion to dismiss where, as here, "claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W. A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)); *see Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *MacConnell v. Plummer*, No. 3:13cv00034, 2013 WL 3475164, at *1 (S.D. Ohio July 10, 2013) (granting motion to stay discovery during pendency of motion to dismiss because the motion to dismiss "hinges upon an issue of law"). Here, Defendants' motions to dismiss attack the legal underpinnings of the Complaint, not factual issues—*e.g.*, that Tennessee law does not recognize right of publicity claims in connection with sports broadcasts (Network Ds.' MTD at Section II.A-C) and that the underlying NCAA restrictions challenged by Plaintiffs have been found to be lawful by the Supreme Court (*id.* at Section VI.A.2). It would be particularly wasteful to permit Plaintiffs to take discovery regarding novel claims that are not legally viable. *See Gettings*, 349 F.3d at 304 (reasoning that a discovery stay is appropriate "where claims may be dismissed based on legal determinations that could not have been altered by any further discovery" (internal quotation marks omitted)).

    2.    <u>No Prejudice to Plaintiffs.</u>

Plaintiffs cannot show any hardship from a stay of discovery while the motions to dismiss are pending. *See, e.g.*, *DSM Desotech*, 2008 WL 4812440, at *3 (hardship to the plaintiff is present only when there is a "compelling need for prompt discovery—as there might

9

be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness").

Plaintiffs are not seeking provisional relief. *Id.* The delay sought will not impact the availability of evidence, especially because Defendants have instituted litigation holds. *See Miller v. Countrywide Home Loans*, No. 2:09-cv-0674, 2010 WL 2246310, at *3 (S.D. Ohio June 4, 2010) (granting motion to stay where "the documents at issue [were] being preserved" and discovery had "the potential to place a discovery burden on the defendants"). Further, Plaintiffs are all former college athletes who began their college sports careers as early as 2008. They waited until 2014 to challenge a system that was longstanding before they even began their college sports careers—indeed for almost a century. Under that circumstance, it is hard to see how a stay of limited duration while the Court determines whether Plaintiffs have stated valid claims against such a longstanding system could give rise to any real prejudice to Plaintiffs. *See DSM Desotech*, 2008 WL 4812440, at *3 (granting motion to stay where there was no "compelling need for prompt discovery"). There simply is no prejudice to Plaintiffs from a stay.

## Conclusion

Defendants respectfully move the Court to stay discovery pending the resolution of Defendants' motions to dismiss.

10

Dated:  December 10, 2014

Respectfully submitted,


/s/ Evan R. Chesler (w/ permission by SDL)
**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler
echesler@cravath.com
Roger G. Brooks
rgbrooks@cravath.com
J. Wesley Earnhardt
wearnhardt@cravath.com
825 Eighth Avenue
New York, NY 10019
Tel:  (212) 474-1000
Fax:  (212) 474-3700

    - and -

**LEVINE SULLIVAN KOCH**
    **& SCHULTZ, LLP**
Nathan E. Siegel
NSiegel@lskslaw.com
1899 L Street, NW
Suite 200
Washington, DC 20036
Tel:  (202) 508-1184

    - and -

**BRADLEY ARANT BOULT CUMMINGS LLP**
Samuel David Lipshie
slipshie@babc.com
Joel D. Eckert
jeckert@babc.com
1600 Division Street
Suite 700
Nashville, TN 37203-0025
Tel:  (615) 244-2582
Fax:  (615) 252-6380


*Attorneys for Defendants ESPN Inc., ABC, Inc., ESPN*
    *d/b/a SEC Network and ESPN d/b/a Longhorn*
    *Network*

11

<u>/s/ James W. Quinn (w/ permission by SDL)</u>
**WEIL, GOTSHAL & MANGES LLP**
James W. Quinn
james.quinn@weil.com
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
Eric S. Hochstadt
eric.hochstadt@weil.com
767 Fifth Avenue
New York, NY 10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007

    - and -

**BASS, BERRY & SIMS PLC**
Robert Dale Grimes
dgrimes@bassberry.com
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Tel:  (615) 742-6200

*Attorneys for Defendant CBS Broadcasting Inc.*

12

/s/ Arthur J. Burke (w/ permission by SDL)
**DAVIS POLK & WARDWELL LLP**
Arthur J. Burke
arthur.burke@davispolk.com
Dana M. Seshens
dana.seshens@davispolk.com
450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000
Fax:  (212) 701-5800

  - and -

**DAVIS WRIGHT TREMAINE LLP**
Kelli L. Sager
kellisager@dwt.com
865 Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel:  (213) 633-6800
Fax:  (213) 633-6899

  - and -

**BASS, BERRY & SIMS PLC**
R. Dale Grimes
dgrimes@bassberry.com
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Tel:  (615) 742-6200

*Attorneys for Defendant NBCUniversal Media, LLC*
  *(sued as National Broadcasting Company, Inc.)*

13

<u>/s/ Kevin T. Baine (w/ permission by SDL)</u>
**WILLIAMS & CONNOLLY LLP**
Kevin T. Baine
kbaine@wc.com
John E. Schmidtlein
jschmidtlein@wc.com
Thomas G. Hentoff
thentoff@wc.com
Carl R. Metz
cmetz@wc.com
725 12th Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

   - and -

**HAL D. HARDIN**
halhardin@aol.com
211 Union Street
Suite 200
Nashville, TN 37201
Tel: (615) 369-3377

*Attorneys for Defendants Fox Broadcasting Company*
*(sued as FOX, Inc.) and Big Ten Network, LLC*
*(sued as Big Ten Network Services, LLC)*

14

/s/ D. Erik Albright (w/ permission by SDL)
**SMITH MOORE LEATHERWOOD LLP**
D. Erik Albright
Erik.Albright@smithmoorelaw.com
Gregory G. Holland
Greg.Holland@smithmoorelaw.com
300 North Greene Street
Suite 1400
Greensboro, NC 27401
Tel:  (336) 378-5200
Fax:  (336) 378-5400

Jonathan P. Heyl
Jon.Heyl@smithmoorelaw.com
101 North Tryon Street
Suite 1300
Charlotte, NC 28246
Tel:  (704) 384-2600
Fax:  (704) 384-2800

- and -

**HARWELL, HOWARD, HYNE, GABBERT &**
   **MANNER, P.C.**
David Alexander Fardon
daf@h3gm.com
333 Commerce Street
Suite 1500
Nashville, TN 37201
Tel:  (615) 256-0500
Fax:  (615) 251-1059

*Attorneys for Defendant Atlantic Coast Conference*

15

/s/ Richard J. Favretto (w/ permission by SDL)
**MAYER BROWN LLP**
Richard J. Favretto
rfavretto@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-3300

Andrew S. Rosenman
arosenman@mayerbrown.com
Britt Marie Miller
bmiller@mayerbrown.com
71 S. Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

- and -

**BOWEN HAYES & KREISBERG, PLC**
Jay Scott Bowen
jay@bowenhayes.com
William V. Parsons, III
will@bowenhayes.com
47 Music Square East
Nashville, TN 37203
Tel: (615) 329-4440
Fax: (615) 329-4485

*Attorneys for Defendant The Big Ten Conference, Inc.*

16

<u>/s/ Leane K. Capps (w/ permission by SDL)</u>
**POLSINELLI P.C.**
Leane K. Capps
lcapps@polsinelli.com
2501 N. Harwood
Suite 1900
Dallas, TX 75201
Tel:  (214) 397-0030
Fax:  (214) 397-0033

Amy D. Fitts
afitts@polsinelli.com
Brett Randol
brandol@polsinelli.com
900 W. 48th Place
Suite 900
Kansas City, MO 64112
Tel:  (816) 753-1000
Fax:  (816) 753-1536

   - and -

**LEITNER, WILLIAMS, DOOLEY &**
    **NAPOLITAN PLLC**
Reid Daniel Leitner
reid.leitner@leitnerfirm.com
J. Gregory Grisham
greg.grisham@leitnerfirm.com
414 Union Street
Suite 1900
Nashville, TN 37219
Tel:  (615) 255-7722
Fax:  (615) 780-2210

*Attorneys for Defendants Big 12 Conference and*
   *Conference USA*

17

<u>/s/ Scott P. Cooper (w/ permission by SDL)</u>
**PROSKAUER ROSE LLP**
Scott P. Cooper
scooper@proskauer.com
Jennifer L. Jones
jljones@proskauer.com
Sarah Kroll-Rosenbaum
skroll-rosenbaum@proskauer.com
2049 Century Park East
Suite 3200
Los Angeles, CA 90067
Tel:  (310) 557-2900
Fax:  (310) 557-2193

    - and -

**RILEY WARNOCK & JACOBSON PLC**
John R. Jacobson
jjacobson@rwjplc.com
James N. Bowen
jimbowen@rwjplc.com
1906 West End Avenue
Nashville, TN 37203
Tel:  (615) 320-3700

*Attorneys for Defendants Pac-12 Conference (sued as Pacific-12 Conference) and Big East Conference, Inc.*

/s/ Aubrey B. Harwell, Jr. (w/ permission by SDL)
**NEAL & HARWELL, PLC**
Aubrey B. Harwell, Jr.
aharwell@nealharwell.com
James F. Sanders
jsanders@nealharwell.com
J. Isaac Sanders
isanders@nealharwell.com
One Nashville Place, Suite 2000
150 Fourth Avenue North
Nashville, TN  37219
Tel:  (615) 244-1713
Fax:  (615) 726-0573

- and -

**ROBINSON BRADSHAW & HINSON, P.A.**
Robert W. Fuller
rfuller@rbh.com
Mark W. Merritt
mmerritt@rbh.com
101 North Tryon Street
Suite 1900
Charlotte, NC  28246
Tel:  (704) 377-2546
Fax:  (704) 378-4000

*Attorneys for Defendant Southeastern Conference*


/s/ Margaret L. Behm (w/ permission by SDL)
**DODSON PARKER BEHM & CAPPARELLA PC**
Margaret L. Behm
behm@dodsonparker.com
Tyler Chance Yarbro
tyarbro@dodsonparker.com
1310 Sixth Avenue North
Nashville, TN 37208
Tel:  (615) 254-2291
Fax:  (615) 726-2241

*Attorneys for Defendant Ohio Valley Conference*

19

<u>/s/ Robert C. Walters (w/ permission by SDL)</u>
**GIBSON, DUNN & CRUTCHER**
Robert C. Walters
rwalters@gibsondunn.com
Brian E. Robison
brobison@gibsondunn.com
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
Tel:  (214) 698-3100
Fax:  (214) 571-2900

- and -

**BAKER, DONELSON, BEARMAN, CALDWELL
    & BERKOWITZ, PC**

John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, TN 37201
Tel:  (615) 726-5600

Walker W. Jones, III
wjones@bakerdonelson.com
W. Scott Welch
swelch@bakerdonelson.com
P.O. Box 14167
Jackson, MS 39236-4167
Tel:  (601) 351-2400
Fax:  (601) 351-2424

*Attorneys for Defendant Outfront Media Sports, Inc.
    (f/k/a CBS Collegiate Sports Properties, Inc.)*

<u>/s/ Louis P. Petrich (w/ permission by SDL)</u>
**LEOPOLD, PETRICH & SMITH, P.C.**
Louis P. Petrich
lpetrich@lpsla.com
Daniel M. Mayeda
dmayeda@lpsla.com
2049 Century Park East, Suite 3110
Los Angeles, CA  90067
Tel:  (310) 277-3333
Fax:  (310) 277-7444

   - and -

**EVERHART LAW FIRM PLC**
Amy J. Everhart
amy@everhartlawfirm.com
Maria A. Spear
maria@everhartlawfirm.com
1400 Fifth Avenue North
Nashville, TN 37208
Tel:  (615) 800-8919
Fax:  (615) 800-8918

*Attorneys for Defendant JMI Sports LLC*

21

/s/ Walker W. Jones, III (w/ permission by SDL)
**BAKER, DONELSON, BEARMAN, CALDWELL
    & BERKOWITZ, PC**
Walker W. Jones, III
wjones@bakerdonelson.com
W. Scott Welch
swelch@bakerdonelson.com
Samuel D. Gregory
sdgregory@bakerdonelson.com
P.O. Box 14167
Jackson, MS 39236-4167
Tel:  (601) 351-2400
Fax:  (601) 351-2424

John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, TN 37201
Tel:  (615) 726-5600

*Attorneys for Defendant TeleSouth Communications,
    Inc.*

/s/ Robb S. Harvey (w/ permission by SDL)
**WALLER, LANSDEN, DORTCH & DAVIS, LLP**
Robb S. Harvey
robb.harvey@wallerlaw.com
Nashville City Center
511 Union Street
Suite 2700
Nashville, TN 37219
Tel:  (615) 244-6380
Fax:  (615) 244-6804

*Attorney for Defendant T3 Media, Inc.*

<u>/s/ Thomas M. Melsheimer (w/ permission by SDL)</u>
**FISH & RICHARDSON P.C.**
Thomas M. Melsheimer
melsheimer@fr.com
Thomas B. Walsh, IV
walsh@fr.com
M. Brett Johnson
johnson@fr.com
1717 Main Street
Suite 5000
Dallas, TX 75201
Tel:  (214) 747-5070
Fax:  (214) 747-2091

- and -

**WISEMAN ASHWORTH LAW GROUP PLC**
Gail Vaughn Ashworth
gail@wisemanashworth.com
511 Union Street
Suite 800
Nashville, TN 37219-1734
Tel:  (615) 254-1877
Fax:  (615) 254-1878

*Attorneys for Defendant Learfield Sports LLC*

/s/ Richard L. Stone (w/ permission by SDL)
**JENNER & BLOCK LLP**
Richard L. Stone
rstone@jenner.com
David R. Singer
dsinger@jenner.com
633 West 5th Street Suite 3600
Los Angeles, CA 90071-2054
Tel:  (213) 239-5100
Fax:  (213) 239-5199

Kenneth L. Doroshow
kdoroshow@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel:  (202) 639-6027
Fax:  (202) 661-4855

- and -

**SIMS FUNK, PLC**
W. Scott Sims
ssims@simsfunk.com
3310 West End Avenue
Suite 410
Nashville, TN 37203
Tel:  (615) 292-9335
Fax:  (615) 649-8565

*Attorneys for Defendants IMG Worldwide, LLC, IMG College, LLC, and William Morris Endeavor Entertainment, LLC*

The Filing User hereby represents that all signatories hereto agree to the filing of this document.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2014, a true and correct copy of the foregoing document was filed electronically with the U.S. District Court for the Middle District of Tennessee.  Notice of this filing was served via the court's electronic filing system on counsel listed below:

| Attorneys for Plaintiffs Steven Clarke, Chris Conner, Javon Marshall, Patrick Miller, Byron Moore, Chaz Moore, Sean Parker, Eric Samuels, Marlon Walls and Rod Wilks | |
|---|---|
| **BONE, MCALLESTER NORTON PLLC** <br> Stephen J. Zralek <br> szralek@bonelaw.com <br> John P. Branham <br> jbranham@bonelaw.com <br> 511 Union Street, Suite 1600 <br> Nashville, TN 37219 <br> Tel:  (615) 259-5508 telephone | **STEWART, JOHNSON, CONNER & MANSON, LLP** <br> Richard Manson <br> Ronald A. Stewart <br> 215 2nd Avenue North <br> Suite 300 <br> Nashville, TN 37201 |
| **MCMURTRAY LAW FIRM, PLLC** <br> Patrick D. McMurtray <br> P. O. Box 80 <br> Christiana, TN 37037 | |

/s/ Samuel D. Lipshie