IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAVON MARSHALL, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    Case No.: 3:14-cv-01945 |
| | )    CHIEF JUDGE SHARP |
| ESPN INC., et al. | ) |
| | ) |
|     Defendants. | )    JURY DEMAND |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiffs, by and through counsel, file this response in opposition to Defendants' Motion to Stay Discovery. (Dkt. 244). For the reasons below, the Court should deny Defendants' Motion.

Defendants seek to circumvent the normal discovery process and stay all discovery while their motions to dismiss, (Dkt. 214, 218, 220, 226 & 231), are considered. Federal Rule of Civil Procedure 26 contains provisions that inherently protect Defendants without the need for a stay. Further, Defendants' motion to stay is a premature, unnecessary and overly broad solution to a non-existent problem that would impose undue prejudice on Plaintiffs. Accordingly, the motion to stay should be denied.

**A. BACKGROUND**

Plaintiffs, on behalf of themselves and the proposed Class of all other current and former players at the Football Bowl Subdivision ("FBS") and NCAA Division I Men's basketball level (collectively "Student Athletes"), have filed a Class Action Complaint against specific defendants who have profited from the broadcast and use of Student

Athletes' names, likenesses and images without the Student Athletes' permission. Defendants – broadcasters, athletic conferences and licensing entities – have conspired with each other and the NCAA to promulgate, enforce, adopt, implement and/or exploit rules that are inherently anticompetitive in forbidding Student Athletes from competing in the marketplace for the value of their rights of publicity. The alleged "release" that the Student Athletes are forced to sign as a condition of playing football or basketball in college is void as a matter of public policy, unconscionable, vague, void and/or unenforceable. Defendants' actions constitute violations of the Student Athletes' rights of publicity under both common law and statute, violations of the Sherman Act (antitrust) and violations of the Lanham Act (false endorsement), thereby unjustly enriching Defendants in the amount of billions of dollars, all to the detriment of the Student Athletes.

## B. DEFENDANTS' MOTION IS PREMATURE

First, Defendants' motion is premature. Pursuant to the Order of this Court (Dkt. 202), a stay is already in place through the Case Management Conference. That Conference has not yet been re-set, and is not scheduled to be re-set until February 1, 2015 or later. (Dkt. 242). Given that discovery is already stayed pending the Initial Case Management Conference, and given that such Conference remains unscheduled, Defendants' Motion is premature.

## C. THE PENDING MOTIONS TO DISMISS DO NOT JUSTIFY THE REQUESTED STAY

**1. Generally**

At the outset, Plaintiffs' responses to Defendants' motions to dismiss are not yet due. Plaintiffs intend to vigorously oppose the motions. Those Responses will address both the legal and factual arguments contained in Defendants' motions.

{01179868.1 }

2

Case 3:14-cv-01945   Document 243   Filed 01/08/15   Page 2 of 16 PageID #: 1668

Defendants' motion to stay discovery runs counter to well-established policies that favor liberal discovery. In discussing the interplay of various Federal Rules of Civil Procedure, the Supreme Court has explained that "[Rule 8's] simplified notice pleading standard relies on ***liberal discovery rules*** and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Defendants' main theme is that any discovery is inappropriate while their motions to dismiss are pending. That position is simply not correct. As this Court has explained, "under Local Rule 16.01(e)(1), the pendency of a dispositive motion does not stay discovery." *John B. v. Goetz,* 879 F. Supp. 2d 787, 795 n.9 (M.D. Tenn. 2010); *Alvion Properties, Inc. v. Weber*, No. 3:08-0866 at 2 (M.D. Tenn. Aug. 26, 2012) (unpublished) (explaining that, "[i]n general, a stay of discovery based upon the pendency of a dispositive motion is not favored in this Court, unless specifically authorized by Rule 26(d) of the Federal Rules of Civil Procedure."). In rejecting a motion to stay pending resolution of a motion to dismiss, one court explained:

> Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. Under Rule 33, for instance, interrogatories may be served at the same time as the summons and complaint. Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. . . . Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990)

Because such restrictions on discovery are disfavored, the party moving for a protective order or stay under Rule 26(c) has the heavy burden of demonstrating why

{01179868.1 }

3

discovery should be stayed or denied. *See Cockrill v. Mortgage Elec. Registration System*, No. 3:13-0031, 2013 WL 1966304, at *2 (M.D. Tenn. May 10, 2013); *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). "A party seeking a stay of discovery carries a heavy burden of making a "strong showing" why discovery should be denied. . . . The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Cockrill*, 2013 WL 1966304, at *2 (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)).

To the extent Defendants rely on Local Rule 16.01(e), their reliance is misplaced. The rule explicitly states: "**Discovery is *not* stayed** unless specifically authorized by Fed. R. Civ. P. 26(d) or ordered by the case management judge." (Emphasis added). Echoing the Local Rule, this Court has explained: "[D]iscovery is not stayed during the pendency of any motions, *including dispositive motions*." *Benson v. Asurion Corp.*, No. 3:10-0526, 2010 WL 2253533 (M.D. Tenn. June 1, 2010) (emphasis added) (unpublished). Local Rule 16 merely memorializes this Court's authority to stay discovery as part of the case management process if the facts of the case warrant it. Contrary to Defendants' position, the Local Rule does not exempt Defendants in this case from the general practice in this District of allowing discovery after the initial case management conference.

Local Rule 16.01(d)(1)(c) states the following:

Issues for Discussion at the Initial Case Management Conference.

    1. The status of service of process.

    2. The status of responsive pleadings to the complaint.

    3. Limitations on discovery:
        (a) The staging and timing of discovery for the phases of the case, including settlement, dispositive motions, and trial;

4

Case 3:14-cv-01945   Document 243   Filed 01/08/15   Page 4 of 16 PageID #: 1670

> (b) The desirability of limiting discovery to certain claims and the propriety of limitations on the type and extent of discovery, including but not limited to the number of depositions and number of interrogatories, based on the particular needs and stages of the case and the cost of litigation;
>
> *(c) The necessity of any protective order or other limitations on discovery*;
>
> *(d) The need for a stay of discovery pursuant to section (e)(1) of this Rule*; and
>
> (e) Identification of any other disputes that may develop in the course of discovery.

The Local Rules clarify that staying discovery is not the only option available. Local Rule 16.01(e)(1) explicitly states that discovery will **not** be stayed absent a ruling from the Court, and Local Rule Local Rule 16.01(d)(1)(c) allows the parties to obtain a Protective Order or other limitations if appropriate.[1]

## 2. The Requested Stay is Inappropriate Since The Motions to Dismiss Contain Questions of Fact

Defendants represent that this blanket preemption of discovery is sought based on the motions to dismiss raising only legal questions. That is simply not the case and Defendants should not be allowed to raise factual arguments while simultaneously

---

[1] Although Defendants cite several rulings from this District in Footnote 6 of their brief, none of those cases have any bearing on the present case. In two of the cases cited, the motions to stay were either unopposed or joined by all parties, unlike in the present case. *See Smartvue Corp. v Mistral Software PVT, Ltd.*, No. 3:11-1145 (M.D. Tenn. Feb. 6, 2012) (Dkts. 13 & 18) (concerning an unopposed motion to stay discovery); *Collins v. Mortg. Elec. Registration Sys., Inc.,* No. 3:11-0264 (M.D. Tenn. Dec. 23, 2011 (concerning a motion to stay discovery filed jointly by all parties) (Dkts. 78 & 80). In the two *Daugherty* Orders cited in Defendants' footnote, the stay of discovery was only until the Case Management Conference occurred, which has already been ordered in this matter. *See Daugherty v. Int'l Union, United Auto., Aerospace & Argic. Implement Workers of Am.,* No. 3:08-0695 (M.D. Tenn.) (Dkts. 13 & 22). While the *Chapman* case cited by Defendants is more complicated, the Court initially denied the motion to stay. *Chapman v. Bell*, No. 3:11-1135 (M.D. Tenn. Oct. 30, 2012) (Dkt.116). That case involved the Prisoner Litigation Reform Act. Although a stay was later ordered, the plaintiff there was allowed to initially file discovery. None of the cases cited by Defendants in Footnote 6 support their request for a blanket stay of discovery.

seeking to preemptively block even targeted discovery. Although Plaintiffs acknowledge that much of each motion to dismiss is legal in nature, each group has chosen to raise factual arguments as well. The Broadcast Defendants raise factual issues regarding both the Lanham Act and antitrust portions of the Complaint. Those issues clearly involve the contracts and the negotiations leading up to the contracts between them, the Conference Defendants and the Licensing Defendants. Those contracts and related negotiation documents are not public record and are legitimate areas for discovery in connection with this Complaint. At least some of the contracts are believed to contain language assigning the very rights of publicity that Defendants deny exist. It is also believed that some of the contracts or documents surrounding those contracts discuss the "release" that Student Athletes have been forced to sign in which they waive these same rights of publicity. Discovery on these points affects the claims of each Defendant and should be allowed. Additionally, as for the Licensing Defendants, virtually all of those records are likewise not public record; they are the only method by which the relationships between the defendants and the plaintiffs can be examined; and they are necessary to further substantiate both the pled allegations and to discover other related actions that should be included in this litigation. Similarly, the Conference Defendants raise factual arguments regarding advertising specifics and conspiracy that can only be answered through discovery.

Furthermore, "resolution of a pretrial motion that turns on findings of fact . . . may require some limited discovery before a meaningful ruling can be made." *Mofield v. FNX Mining Co. USA, Inc.*, No. 2:08-0105, 2009 WL 819493, at *3 (M.D. Tenn. Mar. 26, 2009) (*quoting VM Serv's. v. Two Men and a Truck/Int'l*, 2008 WL 5137004 at *3 (W.D. Mich. 2008)). "Had the Federal Rules contemplated that a motion to dismiss

{01179868.1 }

6

under [Rule 12] would stay discovery, the Rules would contain a provision for that effect . . . such a notion is directly at odds with the need for expeditious resolution of litigation." *Cockrill*, 2013 WL 1966304, at *2 (*quoting Blankenship*, 519 F.2d at 600-01).

Two defendants, TeleSouth and Outfront Media Sports, raise personal jurisdiction arguments that clearly exempt them from this overly broad and unsubstantiated motion. Those defendants are not prejudiced, however, since they will have all of the protections under the Rules that the other Defendants appear to regard as secondary instead of primary.

Defendants should not be allowed to raise factual arguments in their motions to dismiss while at the same time seeking to stay discovery.

### 3. Defendants' Allegations of Undue Burden are Speculative and Unsubstantiated

All 27 separate Defendants join together to claim (apparently identical) undue burdens and to preemptively seek to prevent any discovery prior to a ruling on their motions to dismiss. In support, they offer nothing other than a rote recitation of conclusory statements without affidavits or specific factual arguments to show a purported undue burden. Although damaging to their motion, that lack of specifics is understandable in light of the fact that discovery has not yet been propounded and any specifics would be pure conjecture.

To make this showing, the moving party may not rely on generalized, speculative, or conclusory allegations (as has been done here), but rather must make a specific factual showing, supported by affidavits and concrete examples, that it will suffer undue and significant burden and expense from complying with the particular discovery requests. See *Gerald Chamales Corp. v. Oki Data Ams., Inc*. 247 F.R.D. 453, 455 (D.N.J. 2007); *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-cv-01041, 2011 WL 1326280, at *5

{01179868.1 }

7

(S.D. Ohio Apr. 5, 2011) (requiring the moving party "to detail the specific burdens it will face from discovery").

Defendants should not be allowed to imagine a parade of horrors and use that imagination to form the basis of a motion to stay all discovery. Defendants make multiple presumptions regarding discovery, all without Plaintiffs having actually propounded any. Since no discovery has actually been propounded, the imagined "extremely burdensome" discovery is easy to allege. These assumptions, however, should not be the basis of a blanket stay, particularly in light of the more focused protections available under Rule 26 to each Defendant to the extent that any Defendant determines such protections are necessary.

Because of that, Defendants' claim that this future discovery would be a substantial burden is simply too speculative to consider. No specific discovery has been propounded or discussed with counsel for Defendants and nothing in Defendants' Memorandum indicates why objections under Rule 26 are not available to them if, or when, objectively burdensome or inappropriate discovery is ever propounded.

Defendants make no arguments about how a procedural objection to specific discovery as contemplated by the rules prejudices them in any way. The only parties prejudiced here are Plaintiffs, who would be barred from propounding any discovery whatsoever while Defendants raise factual arguments in support of their motions to dismiss.

Defendants seek to overreach with this motion. It should be denied in its entirety and Defendants should be required to avail themselves of the protections built into Rule 26 if portions of the discovery subsequently propounded present specific issues that need to be addressed after consultation with counsel for Plaintiffs.

**4.    Defendants' Requested Stay would Prejudice Plaintiffs**

Defendants assert a lack of hardship to the Plaintiffs by implying that the motions to dismiss raise only legal challenges, rather than also factual challenges. Since that this not the case, this assertion by Defendants must also fail.

The stay Defendants seek would prejudice Plaintiffs to the extent of the factual arguments contained within the motions to dismiss, and any factual arguments identified in the Initial Case Management Order would be placed beyond the scope of needed discovery while the motions to dismiss are pending.

### D.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully submit that Defendants' Motion to Stay should be denied.

Respectfully submitted,

BONE McALLESTER NORTON PLLC


*/s/ Stephen J. Zralek*
Stephen J. Zralek, BPR #18971
John P. Branham, BPR #002552
511 Union Street, Suite 1600
Nashville, TN 37219
615-238-6300 telephone
szralek@bonelaw.com
jbranham@bonelaw.com

STEWART JOHNSON CONNER & MANSON, LLP
Richard Manson, BPR #04351
Ronald A. Stewart, BPR # 23042
215 2nd Ave. North, Suite 300
Nashville, TN 37201

McMURTRAY LAW FIRM, PLLC
Patrick D. McMurtray, BPR #31597
P.O. Box 80
Christiana, Tennessee 37037

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document on this 8th day of January, 2015, via ECF, on the following:

**Attorneys for Defendants ABC Inc. and ESPN Inc.; ESPN d/b/a SEC Network; ESPN d/b/a Longhorn Network**
Samuel D. Lipshie, Esq.
Joel D. Eckert, Esq.
Bradley Arant Boult Cummings, LLP
1600 Division Street
Suite 700
Nashville Tennessee  37203-0025


**Attorneys for ABC, Inc and ESPN, Inc.**
Roger G. Brooks, Esq.
Evan R. Chesler, Esq.
Stefan H. Atkinson, Esq.
Daniel A. Richards, Esq.
Joe W. Earnhardt, Esq.
Cravath Swain & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York New York 10019

Nathan E. Siegel, Esq.
Levine Sullivan Koch & Schultz, LLP
1899 L Street NW
Suite 200
Washington DC 20036

*Attorneys for CBS Broadcasting, Inc.*
R. Dale Grimes, Esq.
Bass Berry & Sims PLC
150 Third Avenue
Suite 2800
Nashville Tennessee  37201

Jim Quinn, Esq.
Yehudah L. Buchweitz
Eric S. Hochstadt, Esq.
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York New York 10153


*Attorneys for NBCUniversal Media, LLC*
Kelli L. Sager, Esq.
Arthur J. Burke, Esq.
James W. Haldin, Esq.
Dana M. Seshens, Esq.
David Wright Tremaine LLP
865 South Figueroa Street
Suite 2400
Los Angeles California 90017


*Attorneys for Defendant Southeastern Conference (SEC)*
Aubrey B. Harwell, Jr., Esq.
James F. Sanders, Esq.
J. Isaac Sanders, Esq.
Neal & Harwell P.C.
150 Fourth Avenue North
Suite 2000
Nashville Tennessee  37219-2498

Robert W. Fuller, Esq.
Mark W. Merritt, Esq.
Robinson Bradshaw & Hinson, P.A.
101 North Tryon Street
Suite 1900
Charlotte North Carolina 28246

*Attorneys for FOX Broadcasting Company, Inc. and Big Ten Network, LLC*
Hal D. Hardin, Esq.
Hardin Law Office
211 Union Street
Suite 200
Nashville Tennessee  37201

Kevin T. Baine, Esq.
Thomas G. Hentoff, Esq.
Carl R. Metz, Esq.
John E. Schmidtlein
Williams & Connolly LLP
725 Twelfth Street N.W.
Washington DC 20005


*Attorneys for Big Ten Conference (Big Ten)*
Jay S. Bowen, Esq.
William V. Parsons III, Esq.
Bowen Hayes & Kreisberg, PLC
47 Music Square East
Nashville, Tennessee  37203

Andrew Rosenman, Esq.
Britt Marie Miller, Esq.
Mayer Brown
71 S. Wacker Drive
Chicago Illinois  60606

Richard J. Favretto, Esq.
Mayer Brown, LLP
1999 K Street N.W.
Washington DC  20006


*Attorneys for Ohio Valley Conference (OVC)*
Margaret L. Behm, Esq.
Tyler C. Yarbro, Esq.
Dodson Parker Behm & Capparella PC
1310 6th Avenue North
Nashville Tennessee  37208

*Attorneys for Atlantic Coast Conference (ACC)*
D. Alexander Fardon, Esq.
Harwell Howard Hyne Gabbert & Manner PC
333 Commerce Street
Suite 1500
Nashville, Tennessee  37201

Jonathan P. Heyl, Esq.
Smith Moore Leatherwood LLP
525 North Tryon Street
Suite 1400
Charlotte, North Carolina 28202

Gregory G. Holland, Esq.
D. Erik Albright, Esq.
Smith Moore Leatherwood LLP
300 N. Greene Street
Suite 1400
Greensboro, North Carolina 27401


*Attorneys for Pac-12 Conference and Big East Conference, Inc.*
John R. Jacobson, Esq.
James N. Bowen, Esq.
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee  37203

Scott P. Cooper, Esq.
Jennifer L. Jones, Esq.
Sarah Kroll-Rosenbaum
Proskauer Rose LLP
2049 Century Park East
Suite 3200
Los Angeles, California  90067


*Attorneys for The Big 12 Conference, Inc. and Conference USA*
Reid D. Leitner, Esq.
J. Gregory Grisham, Esq.
Leitner Williams Dooley & Napolitan, PLLC
414 Union Street
Suite 1900
Nashville Tennessee  37219

Leane K. Capps, Esq.
Polsinelli PC
Saint Ann Court
2501 North Harwood Street
Suite 1900
Dallas Texas  75201

Amy D. Fitts, Esq.
Brett C. Randol, Esq.
Polsinelli PC
900 W. 48th Place
Suite 900
Kansas City Missouri  64112


*Attorneys for CBS Collegiate Sports Properties, Inc.*
Brian E. Robinson, Esq.
Robert C. Walters, Esq.
Bradley G. Hubbard, Esq.
Gibson, Dunn & Crutcher, LLP
2100 McKinney Avenue
Suite 1100
Dallas, Texas 75201


*Attorneys for JMI Sports LLC*
Amy J. Everhart, Esq.
Maria A. Spear, Esq.
Everhart Law Firm PLC
1400 Fifth Avenue North
Nashville Tennessee  37208

Louis P. Petrich, Esq.
Daniel Mayeda, Esq.
Leopold, Petrich & Smith PC
Suite 3100
2049 Century Park East
Los Angeles, California 90067


*Attorneys for TeleSouth Communications, Inc.*
John S. Hicks, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz PC
211 Commerce Street
Suite 800
Nashville, Tennessee  37201

Walker W. Jones III, Esq.
Samuel D. Gregory, Esq.
W. Scott Welch, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz PC
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi  39211


*Attorneys for William Morris Endeavors, LLC; IMG Worldwide, Inc. and IMG College*
W. Scott Sims, Esq.
Sims Funk, PLC
3310 West End Avenue
#410
Nashville, Tennessee  37203

David R. Singer, Esq.
Richard L. Stone, Esq.
Andrew J. Thomas, Esq.
Jenner & Block, LLP
633 West 5th Street
Suite 3600
Los Angeles California 90071

Kenneth L. Doroshow, Esq.
Jenner & Block, LLP
1099 New York Avenue N.W.
Suite 900
Washington D.C. 20001


*Attorneys for Learfield Sports, LLC*
Thomas B. Walsh IV, Esq.
M. Brett Johnson, Esq.
Thomas M. Melsheimer, Esq.
Grant Kojis Schmidt, Esq.
Fish & Richardson PC
1717 Main Street
Suite 5000
Dallas Texas 75201

Gail Vaughn Ashworth, Esq.
Wiseman Ashworth Law Group PLC
511 Union Street
Suite 800
Nashville Tennessee  38219

*Attorneys for T3 Media, Inc.*
Robb S. Harvey, Esq.
Todd R. Hambidge, Esq.
Waller Lansden Dortch & Davis, LLP
Nashville City Center
Suite 2700
511 Union Street
Nashville Tennessee  37219


                                        *s/ Stephen J. Zralek*

{01179868.1 }