IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAVON MARSHALL, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ESPN INC., et al.,<br><br>        Defendants. | Civil Action No. 3:14-cv-1945<br><br>Chief District Judge Kevin H. Sharp<br><br>CLASS ACTION<br>JURY DEMAND |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(1)(b)(2), the parties respectfully submit the following proposed Initial Case Management Order.

    A.    **Jurisdiction**

The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 15 U.S.C. §§ 15, 26, 1121 and 1125; further, the Court has supplemental subject matter jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

TeleSouth Communications, Inc. ("TeleSouth") has filed a motion to dismiss for lack of personal jurisdiction. The other defendants do not contest personal jurisdiction. TeleSouth has moved to Dismiss for Lack of Personal Jurisdiction, which implicitly includes a challenge to venue as to TeleSouth. The other Defendants do not contest venue.

    B.    **Brief Theories of the Parties**

        1.    Plaintiffs' Theory of the Case

Plaintiffs, on behalf of themselves and the proposed Class of all other current and former players at the Football Bowl Subdivision ("FBS") and NCAA Division I Men's basketball level

(collectively "Student Athletes"), have filed a Class Action Complaint against specific defendants who have profited from the broadcast and use of Student Athletes' names, likenesses and images without the Student Athletes' permission. The defendants – broadcasters, athletic conferences and licensing entities – have conspired with each other and the NCAA to promulgate, enforce, adopt, implement and/or exploit rules that are inherently anticompetitive in forbidding Student Athletes from competing in the marketplace for the value of their rights of publicity. The alleged "release" that the Student Athletes are forced to sign as a condition of playing football or basketball in college is void as a matter of public policy, unconscionable, vague, void and/or unenforceable. The defendants' actions constitute violations of the Student Athletes' rights of publicity under both common law and statute, violations of the Sherman Act (antitrust) and violations of the Lanham Act (false endorsement), thereby unjustly enriching the defendants in the amount of billions of dollars, all to the detriment of the Student Athletes.

Defendants have filed motions to dismiss the Complaint, none of which have merit. Plaintiffs' responses are not due until February 13, at which time they will demonstrate that the Complaint states multiple claims upon which relief may be granted and that the Court has personal jurisdiction over TeleSouth.

        2.        Defendants' Theory of the Case

Plaintiffs' lawsuit is flawed for a number of reasons, each of which compels the dismissal of the Complaint with prejudice. The Defendants have filed motions to dismiss [see Dkt. Nos. 214-25, 218-21] because the Complaint fails to state any claim for relief.

In the Complaint, former college football and basketball players attempt to assert right of publicity and other claims because some of their names, images and likenesses allegedly were displayed during live televised sports broadcasts and in advertisements for such broadcasts.

Plaintiffs' claims should be dismissed as a matter of law because under Tennessee law (and the law of every other state to address the issue), it is clear that individual participants in sporting events have no rights of publicity in the broadcasts of sporting events or in advertisements for those broadcasts. State statutes and judicial decisions uniformly recognize that the right to license a sporting event vests exclusively in the promoter or producer of the event.

Even if Tennessee law afforded Plaintiffs a basis for their right of publicity claims (which it does not), those claims would be barred by both the First Amendment, which prohibits restrictions on non-commercial speech such as sports broadcasting and related advertising, and the Copyright Act, which vests the copyright holder with the exclusive right to distribute works. Because Plaintiffs lack any actionable right of publicity in broadcasts and advertisements for broadcasts, they have no basis for asserting claims under the Lanham Act or the Sherman Act or for civil conspiracy, unjust enrichment, or an accounting.

In addition to being based on a non-existent right of publicity in broadcasts and advertisements for broadcasts, the Complaint suffers another fundamental flaw. It attempts to overturn the NCAA's amateurism rules that were put in place long before the advent of national television broadcasting. Those rules have distinguished collegiate athletics from paid professional athletics for over a century. The Supreme Court, the Sixth Circuit, and this District Court have upheld those rules under the Sherman Act because they distinguish college athletics from professional sports and thereby widen consumer choice. Thus, the NCAA rules are pro-competitive because they create a unique product—college athletics—that otherwise would not exist. In addition, Plaintiffs have failed to plead the necessary elements of an antitrust claim, including an anticompetitive agreement, an anticompetitive effect in any relevant market, and antitrust injury caused to them by defendants.

Thus, Plaintiffs' Complaint, which is founded on legal theories repeatedly rejected by Courts, should be dismissed as a matter of law.

  C. **Issues Resolved**

Jurisdiction and venue, except that TeleSouth has filed a motion challenging personal jurisdiction, which implicitly includes a challenge to venue as to TeleSouth. The parties agree that if this Court has jurisdiction over TeleSouth, venue here is proper.

  D. **Issues Still in Dispute**

Whether the Complaint states a claim upon which relief may be granted; class certification; liability; and damages.

  E. **Initial Disclosures**

Plaintiffs propose that Rule 26 Initial Disclosures be made by February 19, 2015.

Defendants, who have moved to dismiss the Complaint and for a stay of discovery, propose staying Initial Disclosures until after resolution of the motions to dismiss, at which point the parties can determine what Initial Disclosures would be appropriate for any remaining claims.

  F. **Discovery**

Defendants have moved this Court to stay discovery pending its ruling on their motions to dismiss. Plaintiffs have filed a response in opposition, Defendants have sought leave to file a reply, and the motion to stay is ripe for review.

The parties offer the following proposals regarding discovery:

<u>Plaintiffs' Proposal:</u>

Plaintiffs submit that discovery should proceed forward while the Court resolves the pending motions to dismiss and that discovery should commence at the conclusion of the Initial Case Management Conference.

{01188226.1 }

Plaintiffs oppose Defendants' proposal to bifurcate discovery into class certification and merits based segments, because the two will overlap, and because it will be more cost efficient and time efficient to pursue all discovery at the same time, consistent with Rules 1, 23 and 26 of the Federal Rules of Civil Procedure. If Defendants wish to bifurcate discovery, they should file a motion and both parties should be given an opportunity to fully brief the issue.

Defendants' Proposal:

If or when it becomes necessary to commence discovery, Defendants propose that class certification discovery and motion practice should be completed before discovery on merits or damages issues begins, consistent with the policy of Federal Rule of Civil Procedure 23(c)(1)(A) and Local Rule 23.01(b) that a determination regarding whether a case can proceed as a class action be made promptly at the outset.

Agreement Among the Parties regarding Discovery:

After resolution of the motions to dismiss, the parties propose that the Court schedule a subsequent Case Management Conference to address pre-trial matters, including class certification, related scheduling and discovery deadlines. The parties shall work together to schedule any such Conference, subject to the Court's schedule. In advance of such Case Management Conference, the parties shall confer in preparing a Joint Supplemental Case Management Order for submission to the Court for its consideration prior to the Case Management Conference.

The parties further agree that no motions concerning discovery are to be filed until after the parties have conferred in good faith and that any discovery motions are to be filed in accordance with the practice of the judge who will resolve any dispute(s).

G.     **Motions to Amend**

The parties agree that the deadline for filing any motions to amend is a subject that should be addressed at a subsequent case management conference after resolution of the motions to dismiss.

H.     **Disclosure of Experts**

The parties agree that the deadline for disclosing experts is a subject that should be addressed at a subsequent case management conference after resolution of the motions to dismiss.

I.     **Depositions of Expert Witnesses**

The parties agree that the deadline for completing depositions of experts and the surrounding procedures are subjects that should be addressed at a subsequent case management conference after resolution of the motions to dismiss.

J.     **Joint Mediation Report**

The parties believe that alternative dispute resolution would not serve any useful purpose at this time.

K.     **Dispositive Motions**

The parties agree that the deadline for filing dispositive motions is a subject that should be addressed at a subsequent case management conference after resolution of the motions to dismiss.

L.     **Electronic Discovery**

Plaintiffs' Proposal:

The parties will work together to craft an agreeable e-discovery protocol and will submit a proposed Order regarding e-discovery to the Court on or before March 5, 2015.

Defendants' Proposal:

The parties will work together to craft an agreeable e-discovery protocol and will submit a proposed Order regarding e-discovery to the Court on a date to be set, once the Court has ruled on Defendants' Motion to Stay Discovery.

M. **Protective Order**

Plaintiffs' Proposal:

The parties will work together to craft an agreeable protective order for confidentiality and will submit a proposed Order to the Court on or before March 5, 2015.

Defendants' Proposal:

The parties will work together to craft an agreeable protective order for confidentiality and will submit a proposed Order to the Court on a date to be set, once the Court has ruled on Defendants' Motion to Stay Discovery.

N. **Consent to Email**

In an effort to expedite service given the number of attorneys in this case, counsel for the parties agree to serve correspondence, discovery and other papers on each other via e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E). Documents filed with the Court shall continue to be served via CM-ECF.

By February 6, 2015, Plaintiffs shall provide Defendants a consolidated list of designated email addresses for service-by-email upon Plaintiffs' counsel; by the same date, Defendants shall provide Plaintiffs a consolidated list of designated email addresses for service-by-email upon Defendants' counsel. The additional time provided by Fed. R. Civ. P. 6(d) shall not apply to service made via email in this case.

O.   **Trial Date and Estimated Trial Time**

The parties agree that the trial date and estimated trial time are subjects that should be addressed at a subsequent case management conference after resolution of the motions to dismiss.

**IT IS SO ORDERED.**

**ENTERED** this the ___ day of February, 2015.

_____
**HON. KEVIN H. SHARP**
**CHIEF UNITED STATES DISTRICT JUDGE**

**APPROVED FOR ENTRY:**

/s/ Stephen J. Zralek
**BONE McALLESTER NORTON PLLC**
Stephen J. Zralek, BPR #18971
John P. Branham, BPR #002552
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 259-5508 telephone
szralek@bonelaw.com
jbranham@bonelaw.com

**STEWART JOHNSON CONNER & MANSON, LLP**
Richard Manson, BPR #004351
Ronald A. Stewart, BPR # 23042
215 2nd Ave. North, Suite 300
Nashville, TN 37201
(615) 254-1600 telephone
richardmanson@comcast.net
rstewart@stewartjohnsonlaw.com

**McMURTRAY LAW FIRM, PLLC**
Patrick D. McMurtray, BPR #31597
P.O. Box 80
Christiana, Tennessee 37037
(615) 713-2288 telephone
Patrick@mcmurtraylaw.com

*Attorneys for Plaintiffs*

{01188226.1 }

And

/s/ James F. Sanders
**NEAL & HARWELL, PLC**
Aubrey B. Harwell, Jr., No. 002559
aharwell@nealharwell.com
James F. Sanders, No. 005267
jsanders@nealharwell.com
J. Isaac Sanders, No. 29372
isanders@nealharwell.com
One Nashville Place, Suite 2000
150 Fourth Avenue North
Nashville, TN  37219
Tel:  (615) 244-1713
Fax:  (615) 726-0573

*and*

**ROBINSON BRADSHAW & HINSON**
Robert W. Fuller (N.C. State No. 10887)
rfuller@rbh.com
Mark W. Merritt (N.C. State No. 12198)
mmerritt@rbh.com
101 North Tryon Street
Suite 1900
Charlotte, NC  28246
Tel:  (704) 377-2546
Fax:  (704) 378-4000

*Attorneys for Defendant Southeastern Conference*


/s/ Evan R. Chesler (w/permission by JFS)
**CRAVATH, SWAINE & MOORE, LLP**
Evan R. Chesler
echesler@cravath.com
Roger G. Brooks
rgbrooks@cravath.com
Stefan H. Atkinson
satkinson@cravath.com
J. Wesley Earnhardt
wearnhardt@cravath.com
Daniel A. Richards
drichards@cravath.com

{01188226.1 }

825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700

and

**LEVINE SULLIVAN KOCH & SCHULTZ, LLP**
Nathan E. Siegel
nsiegel@lskslaw.com
1899 L Street, NW, Suite 200
Washington, DC 20036
Tel: (202) 508-1184

and

**BRADLEY ARANT BOULT CUMMINGS LLP**
Samuel David Lipshie
slipshie@babc.com
Joel D. Eckert
jeckert@babc.com
1600 Division Street
Suite 700
Nashville, TN 37203-0025
Tel: (615) 244-2582
Fax: (615) 252-6380

*Attorneys for Defendants ESPN Inc., ABC, Inc., ESPN d/b/a SEC Network and ESPN d/b/a Longhorn Network*


/s/ James W. Quinn (w/ permission by JFS)
**WEIL, GOTSHAL & MANGES LLP**
James W. Quinn
james.quinn@weil.com
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
Eric S. Hochstadt
eric.hochstadt@weil.com
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

and

**BASS, BERRY & SIMS PLC**
Robert Dale Grimes
dgrimes@bassberry.com
150 Third Avenue South
Suite 2800
Nashville, TN  37201
Tel:  (615) 742-6200

*Attorneys for Defendant CBS Broadcasting Inc.*


/s/ Arthur J. Burke (w/ permission by JFS)
**DAVIS POLK & WARDWELL LLP**
Arthur J. Burke
arthur.burke@davispolk.com
Dana M. Seshens
dana.seshens@davispolk.com
450 Lexington Avenue
New York, NY  10017
Tel:  (212) 450-4000
Fax: (212) 701-5800

and

**DAVIS WRIGHT TREMAINE LLP**
Kelli L. Sager
kellisager@dwt.com
865 Figueroa Street, Suite 2400
Los Angeles, CA  90017
Tel:  (213) 633-6800
Fax: (213) 633-6899

and

**BASS, BERRY & SIMS PLC**
Robert Dale Grimes
dgrimes@bassberry.com
150 Third Avenue South
Suite 2800
Nashville, TN  37201
Tel:  (615) 742-6200

*Attorneys for Defendant NBCUniversal Media,LLC*

{01188226.1 }

*(sued as National Broadcasting Company, Inc.)*

/s/ Kevin T. Baine (w/ permission by JFS)
**WILLIAMS & CONNOLLY LLP**
Kevin T. Baine
kbaine@wc.com
John E. Schmidtlein
jschmidtlein@wc.com
Thomas G. Hentoff
thentoff@wc.com
Carl R. Metz
cmetz@wc.com
725 12th Street, NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax: (202) 434-5029

and

**HAL D. HARDIN**
halhardin@aol.com
211 Union Street
Suite 200
Nashville, TN  37201
Tel:  (615) 369-3377

*Attorneys for Defendants Fox Broadcasting Company*
*(sued as FOX, Inc.) and Big Ten Network, LLC*
*(sued as Big Ten Network Services, LLC)*


/s/ D. Erik Albright (w/ permission by JFS)
**SMITH MOORE LEATHERWOOD LLP**
D. Erik Albright
erik.albright@smithmoorelaw.com
Gregory G. Holland
greg.holland@smithmoorelaw.com
300 North Greene Street
Suite 1400
Greensboro, NC  27401
Tel:  (336) 378-5200

{01188226.1 }

Fax: (336) 378-5400

Jonathan P. Heyl
jon.heyl@smithmoorelaw.com
101 North Tryon Street
Suite 1300
Charlotte, NC 28246
Tel: (704) 384-2600
Fax: (704) 384-2800

and

**HARWELL, HOWARD, HYNE, GABBERT & MANNER, P.C.**
David Alexander Fardon
daf@h3gm.com
333 Commerce Street
Suite 1500
Nashville, TN 37201
Tel: (615) 256-0500
Fax: (615) 251-1059

*Attorneys for Defendant Atlantic Coast Conference*


/s/ Richard J. Favretto (w/ permission by JFS)
**MAYER BROWN LLP**
Richard J. Favretto
rfavretto@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-3300

Andrew S. Rosenman
arosenman@mayerbrown.com
Britt Marie Miller
bmiller@mayerbrown.com
71 S. Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

and

{01188226.1 }

**SHACKELFORD, BOWEN, ZUMWALT & HAYES, LLP**
Jay Scott Bowen
jbowen@shackelfordlaw.net
Shackelford, Bowen, Zumwalt & Hayes, LLP
47 Music Square East
Nashville, TN  37203

and

**BOWEN HAYES & KREISBERG, PLC**
William V. Parsons, III
will@bowenhayes.com
47 Music Square East
Nashville, TN  37203
Tel:  (615) 329-4440
Fax: (615) 329-4485

*Attorneys for Defendant The Big Ten Conference, Inc.*



/s/ Leane K. Capps (w/ permission by JFS)
**POLSINELLI, PC**
Leane K. Capps
lcapps@polsinelli.com
Saint Ann Court
2501 North Harwood Street, Suite 1900
Dallas, TX  75201
Tel:  (214) 397-0030
Fax: (214) 397-0033

Amy D. Fitts
afitts@polsinelli.com
Brett C. Randol
brandol@polsinelli.com
900 W. 48th Place, Suite 900
Kansas City, MO  64112
Tel:  (816) 753-1000
Fax: (816) 753-1536

and

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**
Reid D. Leitner
Reid.leitner@leitnerfirm.com

J. Gregory Grisham
Greg.grisham@leitnerfirm.com
414 Union Street, Suite 1900
Nashville, TN 37219-1782
Tel: (615) 255-7722
Fax: (615) 780-2210

*Attorneys for Defendants Big 12 Conference and Conference USA*


/s/ Scott P. Cooper (w/ permission by JFS)
**PROSKAUER ROSE LLP**
Scott P. Cooper
scooper@proskauer.com
Jennifer L. Jones
jljones@proskauer.com
Sarah Kroll-Rosenbaum
skroll-rosenbaum@proskauer.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Tel: (310) 557-2900
Fax: (310) 557-2193

and

**RILEY WARNOCK & JACOBSON PLC**
John R. Jacobson
jjacobson@rwjplc.com
James N. Bowen
jbowen@rwjplc.com
1906 West End Avenue
Nashville, TN 37203
Tel: (615) 320-3700

*Attorneys for Defendants PAC-12 Conference (sued as Pacific-12 Conference) and Big East Conference, Inc.*


/s/ Margaret L. Behm (w/ permission by JFS)
**DODSON, PARKER, BEHM & CAPPARELLA, P.C.**
Margaret L. Behm

{01188226.1 }

behm@dodsonparker.com
Tyler C. Yarbro
tyarbro@dodsonparker.com
1310 6th Avenue North
Nashville, TN  37208
Tel:  (615) 254-2291
Fax: (615) 726-2241

*Attorneys for Defendant Ohio Valley Conference*

/s/ Robert C. Walters (w/ permission by JFS)
**GIBSON, DUNN & CRUTCHER**
Robert C. Walters
rwalters@gibsondunn.com
Brian E. Robison
brobison@gibsondunn.com
2100 McKinney Avenue
Suite 1100
Dallas, TX  75201
Tel:  (214) 698-3100
Fax: (214) 571-2900

and

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, TN  37201
Tel:  (615) 726-5600

Walker W. Jones, III
wjones@bakerdonelson.com
W. Scott Welch
swelch@bakerdonelson.com
P.O. Box 14167
Jackson, MS  39236-4167
Tel:  (601) 351-2400
Fax: (601) 351-2424

*Attorneys for Defendant Outfront Media Sports, Inc. (f/k/a CBS Collegiate Sports Properties, Inc.)*

{01188226.1 }

/s/ Louis P. Petrich (w/ permission by JFS)
**LEOPOLD, PETRICH & SMITH, P.C.**
Louis P. Petrich
lpetrich@lpsla.com
Daniel M. Mayeda
dmayeda@lpsla.com
2049 Century Park East, Suite 3110
Los Angeles, CA 90067
Tel: (310) 277-3333
Fax: (310) 277-7444

and

**EVERHART LAW FIRM PLC**
Amy J. Everhart
amy@everhartlawfirm.com
Maria J. Spear
maria@everhartlawfirm.com
1400 Fifth Avenue North
Nashville, TN 37208
Tel: (615) 800-8919
Fax: (615) 800-8918

*Attorneys for Defendant JMI Sports LLC*


/s/ Walker W. Jones, III (w/ permission by JFS )
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Walker W. Jones, III
wjones@bakerdonelson.com
W. Scott Welch
swelch@bakerdonelson.com
Samuel D. Gregory
sdgregory@bakerdonelson.com
P.O. Box 14167
Jackson, MS 39236-4167
Tel: (601) 351-2400

{01188226.1 }

Fax: (601) 351-2424

John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, TN 37201
Tel: (615) 726-5600

*Attorneys for Defendant TeleSouth Communications, Inc.*

/s/ Robb S. Harvey (w/ permission by JFS)
**WALLER LANSDEN DORTCH & DAVIS LLP**
Robb S. Harvey
robb.harvey@wallerlaw.com
511 Union Avenue, Suite 2700
Nashville, TN 37215
Tel: (615) 244-6380
Fax: (615) 244-6804

*Attorney for Defendant T3 Media, Inc.*

/s/ Thomas M. Melsheimer (w/ permission by JFS)
**FISH & RICHARDSON, PC**
Thomas M. Melsheimer
melsheimer@fr.com
Thomas B. Walsh IV
walsh@fr.com
M. Brett Johnson
johnson@fr.com
1717 Main Street
Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

and

**WISEMAN ASHWORTH LAW GROUP PLC**
Gail Vaughn Ashworth

{01188226.1 }

gail@wisemanashworth.com
511 Union Street
Suite 800
Nashville, TN 37219-1743
Tel: (615) 254-1877
Fax: (615) 254-1878

*Attorneys for Defendant Learfield Sports LLC*


/s/ Richard L. Stone (w/ permission by JFS)
**JENNER & BLOCK LLP**
Richard Stone
rstone@jenner.com
David Singer
dsinger@jenner.com
633 West 5th Street
Los Angeles, CA 90071-2054
Tel: (213) 239-5100
Fax: (213) 239-5199

Kenneth L. Doroshow
kdoroshow@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel: (202) 639-6027
Fax: (202) 661-4855

and

**SIMS|FUNK, PLC**
W. Scott Sims
ssims@simsfunk.com
3310 West End Avenue, #410
Nashville, TN 37203
Tel: (615) 292-9335
Fax: (615) 649-8565

*Attorneys for Defendants IMG Worldwide, LLC, IMG College, LLC, and William Morris Endeavor Entertainment, LLC*


**CERTIFICATE OF SERVICE**

{01188226.1 }

I certify that on January 27, 2015, I caused the foregoing proposed Initial Case Management Order to be electronically filed via the Court's CM/ECF System. Counsel for all parties will be served via the Court's CM/ECF system at the email addresses on file.

/s/ Stephen J. Zralek