**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

JAVON MARSHALL, et al., individually and
on behalf of all others similarly situated,

        Plaintiffs,

        v.

ESPN, INC., et al.,

        Defendants.

Civil Action No. 3:14-cv-01945

Chief District Judge Kevin H. Sharp

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF LICENSING DEFENDANTS'
## MOTION TO DISMISS THE COMPLAINT

2339701.3

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................3

I.      Plaintiffs Effectively Concede That Their Antitrust Claims Are Foreclosed By
        The U.S. Supreme Court's Decision in *NCAA v. Board of Regents* ...................................3

II.     Plaintiffs Fail To Allege Any Other Cognizable Restraint Against The Licensing
        Defendants. ...............................................................................................................6

CONCLUSION ......................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Agnew v. NCAA,*
  683 F.3d 328 (7th Cir. 2012) ............................................................................3, 4, 5

*Bassett v. NCAA,*
  528 F.3d 426, 433 (6th Cir. 2008) ....................................................................2, 4, 5

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)..................................................................................................6

*Board of Trade of Chi. v. United States,*
  246, U.S. 231, 238 (1918) .......................................................................................6

*Gaines v. NCAA,*
  746 F. Supp. 738, 743 (M.D. Tenn. 1990)...........................................................2, 5

*McCormack v. NCAA,*
  845 F.2d 1338 (5th Cir. 1988) .............................................................................4, 5

*NCAA v. Board of Regents of Univ. of Okla.,*
  468 U.S. 85, 101-02, 117, 120(1984) ..................................................................2, 5

*Monsanto Co. v. Spray-Rite Service Corp.,*
  465 U.S. 752 (1984).................................................................................................7

*Smith v. NCAA,*
  139 F.3d 180 (3d Cir. 1998)....................................................................................5

*State Oil Co. v. Khan,*
  522 U.S. 3 (1997).....................................................................................................6

*United States v. Colgate & Co.,*
  250 U.S. 300 (1919).................................................................................................7

*United States v. Walters,*
  711 F. Supp. 1435 (N.D. Ill. 1989) .......................................................................4

**OTHER AUTHORITIES**

7 Philip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust*
  *Principles and Their Application*, at 3 (2013) ......................................................7

**STATUTE**

Fed. R. Civ. P. 10(c) .....................................................................................................3

# INTRODUCTION

The brevity of Plaintiffs' response to the Licensing Defendants'[1] Motion to Dismiss ("LD Opp.") in fact speaks volumes. In just two pages, Plaintiffs repudiate the only purported restraint of trade that is alleged in the Complaint (the NCAA's amateurism rules) and confirm that they are unable to articulate any factual or legal basis to maintain antitrust claims against the Licensing Defendants.

In the Complaint, Plaintiffs directly attacked the NCAA amateurism rules, describing them at length as "anticompetitive agreements." Compl. ¶¶ 97-104. They characterized the amateurism rules, under which student athletes agreed not to accept payment for their participation in college sports, as the "linchpin" of all the defendants' unlawful conduct. *Id.* ¶ 7; *accord id.* ¶ 144. Plaintiffs alleged the amateurism rules "are inherently anticompetitive because they forbid Student Athletes from competing in the marketplace for the value of their services on and off the playing field." *Id.* ¶ 100.

Plaintiffs further alleged that the Licensing Defendants and anyone else who fails to pay student athletes for the value of their supposed rights of publicity in college sports broadcasts are co-conspirators with the NCAA in a grand antitrust conspiracy. *See* Compl., Introduction. For example, Plaintiffs claimed that, by entering into unspecified "multimedia licensing agreements," *id.* ¶ 120, with NCAA member schools that do not result in payment to student athletes, the Licensing Defendants have "adopted and implemented the restrictive rules and by-laws of the NCAA and Conference Defendants." *Id.* ¶ 9; *see also id.* ¶¶ 110-112, 120-123.

---

[1] As categorized in Plaintiffs' Complaint, the Licensing Defendants are Outfront Media Sports, Inc. (f/k/a CBS Collegiate Sports Properties, Inc.); IMG Worldwide, LLC; IMG College, LLC; William Morris Endeavor Entertainment, LLC; JMI Sports LLC; Learfield Sports LLC; T3 Media, Inc.; and TeleSouth Communications, Inc.

1

Beyond that, the Complaint failed to identify *any* alleged conduct by the Licensing Defendants that unreasonably restrains trade or causes antitrust injury to Plaintiffs.

As the Licensing Defendants demonstrated in their Motion to Dismiss, and now as implicitly acknowledged by Plaintiffs in their opposition, the problem with these allegations is that they fail as a matter of law in the face of explicit rulings by the U.S. Supreme Court, the Sixth Circuit, and the Middle District of Tennessee that conclusively establish that the NCAA's amateur eligibility rules are procompetitive and cannot support a claim under the Sherman Act. *See NCAA v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101-02, 117, 120 (1984); *Bassett v. NCAA*, 528 F.3d 426, 433 (6th Cir. 2008); *Gaines v. NCAA*, 746 F. Supp. 738, 743-44 (M.D. Tenn. 1990). The Supreme Court recognized in *Board of Regents* that to preserve the character and quality of the unique "product" in question – namely, amateur college football – "[student] athletes must not be paid." 468 U.S. at 102.

Plaintiffs do not make any serious attempt to rebut this argument, nor could they. Instead, in their opposition to the Licensing Defendants' motion, Plaintiffs abandon their previous course and claim that the NCAA amateurism rules "are not the restraint at issue." LD Opp. at 1. By solving one fatal problem Plaintiffs merely embrace another fatal one. No other anticompetitive restraint against the Licensing Defendants is pled.

Plaintiffs now assert that, as to the Licensing Defendants, the restraints at issue supposedly are unspecified broadcast contracts and multimedia agreements that "purport to transfer the right to use the NIL [names, images and likenesses] of Student Athletes." *Id.* They fail, however, to explain, much less plead, how these vertical agreements by themselves could possibly restrain competition or cause Plaintiffs to suffer antitrust injury. Now that Plaintiffs have abandoned the allegations in their Complaint, they are left with nothing as to the Licensing

2339701.3

Defendants.  Plaintiffs' right of publicity, Lanham Act, and other claims must also be dismissed, for the reasons set forth in detail in the moving and reply papers of the Network Defendants and Conference Defendants.  The Licensing Defendants join in those arguments and submit that the Complaint should be dismissed against the Licensing Defendants for the same reasons advanced by the Network Defendants and the Conference Defendants.  *See* Fed. R. Civ. P. 10(c).

## ARGUMENT

I.    **Plaintiffs Effectively Concede That Their Antitrust Claims Are Foreclosed By The U.S. Supreme Court's Decision in *NCAA v. Board of Regents*.**

In *Board of Regents*, the Supreme Court found that the NCAA "plays a critical role in the maintenance of a revered tradition of amateurism in college sports," and that the NCAA's amateurism rules – including the imperative that such "athletes must not be paid" – "enable[] a product to be marketed which might otherwise be unavailable."  *See* 468 U.S. at 120, 102.  This is the hallmark of competition.

Plaintiffs wishfully try to sweep away the Court's analysis as nonbinding dicta, but the opinion makes clear that this reasoning was an essential step in the Court's consideration of the particular restraint at issue, a limitation on how many college football games could be televised. Thus, subsequent courts have held that *Board of Regents* established a category of NCAA rules – namely, eligibility rules that preserve the amateur character of the student-athlete – that are presumptively procompetitive.  *See Agnew v. NCAA*, 683 F.3d 328, 342-43 (7th Cir. 2012).  As the Seventh Circuit explained, "eligibility rule[s] aimed at preserving the existence of amateurism and the student-athlete" can be found to be procompetitive "'in the twinkling of an eye' . . . that is, at the motion-to-dismiss stage."  *Id.* at 341 (citation omitted).

Plaintiffs similarly make a feeble attempt (LD Opp. at 2) to distinguish the cases cited by the Licensing Defendants and other defendants, applying *Board of Regents* to the particular rules

2339701.3

or regulations at issue in those cases. This nitpicking ignores the holdings and reasoning of those decisions, all of which consistently have found that eligibility rules that "fit into the same mold" as the amateurism rules discussed in *Board of Regents* are procompetitive and cannot support a Sherman Act claim as a matter of law. *E.g.*, *Agnew*, 683 F.3d at 341 (rules of the type "that have been blessed by the Supreme Court" in *Board of Regents* are "presumptively precompetitive"); *McCormack v. NCAA*, 845 F.2d 1338, 1344-45 (5th Cir. 1988) (concluding at pleading stage that NCAA amateurism rules were reasonable and procompetitive and upholding dismissal of Sherman Act claim); *United States v. Walters*, 711 F. Supp. 1435, 1441-42 (N.D. Ill. 1989) (rejecting argument that NCAA eligibility rules that restrict compensation to student athletes constitute "illegal price-fixing").

In particular, following *Board of Regents*, the Sixth Circuit expressly held – at the pleading stage – that the NCAA amateurism rules did not violate the Sherman Act. *See Bassett*, 528 F.3d at 433. Likewise, in *Gaines* this District held that there is a "clear difference" between the television broadcast restrictions struck down in *Board of Regents* and amateurism rules that reflect the "NCAA's efforts to maintain a discernible line between amateurism and professionalism and protect the amateur objectives of NCAA college football." 746 F. Supp. at 743. Thus, every level of the federal judiciary that binds this Court has concluded that the NCAA's amateurism rules do not violate the antitrust laws no matter what or who causes a student athlete to lose his amateur status. *See* discussion in Reply Brief of Conference Defendants § II.B(1).

Finally, contrary to Plaintiffs' suggestion, the Licensing Defendants did not make any "concession" (LD Opp. at 2) that *Board of Regents* only applies to "noncommercial" restraints. The Licensing Defendants instead pointed out the clear rulings by the Sixth Circuit and this

District that NCAA eligibility rules that preserve the amateur character of the college athletics are noncommercial rules beyond the reach of the antitrust laws. *See Bassett*, 528 F.3d at 433; *Gaines*, 746 F. Supp. at 743-44.

But even if the amateurism rules are characterized as commercial, *Board of Regents* makes clear that the rules are necessary to create the product – i.e., amateur college sports – and allow that product's survival in the face of commercializing pressures. *See Board of Regents*, 468 U.S. at 101, 117; *see also Agnew*, 683 F.3d at 339-41 (assuming amateur eligibility rules are commercial but finding them "clearly" procompetitive, per the "presumption" articulated in *Board of Regents*); *Smith v. NCAA*, 139 F.3d 180, 186 (3d Cir. 1998) (even if eligibility rules were commercial and subject to the Sherman Act, they would be upheld as procompetitive as a matter of law at the pleading stage) *vacated on other grounds*, 525 U.S. 459 (1999); *McCormack*, 845 F.2d at 1343-44 (assuming "no draft" and "no agent" amateurism rules are commercial, and applying *Board of Regents* to affirm dismissal at pleading stage of Sherman Act claim based on sanctions against SMU for violating those rules).

Recognizing that the antitrust claims pled in the Complaint are foreclosed by *Board of Regents*, *Bassett*, *Agnew*, *Smith*, *McCormack*, and *Gaines*, Plaintiffs now abandon these allegations in their opposition papers. Instead they gesture vaguely at unspecified "vertical" agreements between NCAA member schools and the Licensing Defendants that fail equally as a matter of settled law.

## II.    Plaintiffs Fail To Allege Any Cognizable Restraint Against The Licensing Defendants.

Having abandoned the attack on the NCAA eligibility rules in their opposition, Plaintiffs fail to point to any allegation of the terms of any agreement or any other conduct by any of the Licensing Defendants that operates to restrain trade or cause Plaintiffs to suffer

5

2339701.3

antitrust injury. Indeed, apart from complying with the NCAA eligibility rules, there is not a single factual allegation in the Complaint about the Licensing Defendants agreeing with each other or anyone else to fix prices, refuse to do business with student athletes, exclude student athletes from any market, or otherwise restrain competition in any way. Plaintiffs' broad and generic references to "multimedia licensing agreements" between Licensing Defendants and NCAA member schools cannot sustain an antitrust lawsuit as a matter of law. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (conclusory allegations of an agreement does not supply facts adequate to show illegality).

The mere fact that one party licenses rights made available from another party cannot make it a Sherman Act violator. If that were true, every licensee and licensor would face the risk of antitrust liability based on legal, procompetitive conduct. Nor can a plaintiff bring an antitrust claim merely because a defendant supposedly chose to do business with someone else. As the Supreme Court has long recognized, *all* contracts "restrain" trade in some sense, by binding a buyer and seller to certain terms, but the Sherman Act has not been interpreted to proscribe all such arrangements. *See, e.g.*, *State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997); *accord Bd. of Trade of Chi. v. United States*, 246 U.S. 231, 238 (1918) ("Every agreement concerning trade . . . restrains. To bind, to restrain, is of their very essence.")

As a leading treatise explains: "[V]ertical agreements between actual or would-be suppliers and customers are everywhere . . . . Their very ubiquity indicates that only a few will be of antitrust concern." 7 Philip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application*, ¶ 1437, at 3 (2013); *id.* ("[T]he ordinary sales contract fixes the transaction price[;] … it does not restrain trade."). Thus, the mere allegation that Licensing Defendants licensed certain unspecified rights from certain third parties, and not

6

others, who made those rights available does not support antitrust liability. *E.g.*, *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 761 (1984) (a market participant "of course generally has a right to deal, or refuse to deal, with whomever it likes, as long as it does so independently"); *accord United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919).

The Licensing Defendants are not alleged to have entered into any agreement to "exclude" student athletes from any market or to "fix" their compensation at zero. Furthermore, even if the Licensing Defendants paid student athletes to use their NIL for some hypothetical purpose, those payments would immediately cause the athletes to lose their amateur status and disqualify them from playing, thereby making any promise of payment both illusory and pointless. Thus, any claim by Plaintiffs that they were not paid for their participation or appearance in games necessarily circles back to the legality of the NCAA's amateurism and eligibility rules. As much as Plaintiffs may desire to run away from the allegations in the Complaint, practically they cannot do so because the reason Plaintiffs have not and cannot be paid (the "prices are fixed at zero") are the NCAA amateurism rules that lie at the heart of their defective antitrust claims. But Plaintiffs have now unequivocally abandoned their attack on those amateurism rules. For these reasons, and because the Supreme Court has conclusively resolved the key antitrust issue in Plaintiffs' Complaint, holding that the NCAA's amateurism rules do not violate the Sherman Act, Plaintiffs' antitrust claims must fail.

2339701.3

## CONCLUSION

It is now more evident than ever that neither in the Complaint, nor in their opposition papers, can Plaintiffs identify any cognizable restraint attributable to any of the Licensing Defendants. Accordingly, Plaintiffs' claims against the Licensing Defendants should be dismissed with prejudice.

Dated: March 6, 2015                  Respectfully submitted,


/s/ David Singer
**Jenner & Block LLP**
Richard L. Stone
rstone@jenner.com
David R. Singer
dsinger@jenner.com
633 West 5th Street Suite 3600
Los Angeles, CA 90071-2054
Tel: (213) 239-5100 / Fax: (213) 239-5199

Kenneth L. Doroshow
kdoroshow@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel: (202) 639-6027 / Fax: (202) 661-4855

**Sims Funk, PLC**
W. Scott Sims
ssims@simsfunk.com
3310 West End Avenue
Suite 410
Nashville, TN 37203
Tel: (615) 292-9335 / Fax: (615) 649-8565

*Attorneys for Defendants IMG Worldwide, LLC; IMG College, LLC; and William Morris Endeavor Entertainment, LLC*

8

2339701.3

**GIBSON, DUNN & CRUTCHER**
Robert C. Walters
rwalters@gibsondunn.com
Brian E. Robison
brobison@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

**BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC**

John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street, Suite 800
Nashville, TN 37201
Tel: (615) 726-5600

Walker W. Jones, III
wjones@bakerdonelson.com
W. Scott Welch
swelch@bakerdonelson.com
P O Box 14167
Jackson, MS 39236-4167
Tel: (601) 351-2400
Fax: (601) 351-2424

*Attorneys for Defendant Outfront Media Sports, Inc.
(f/k/a CBS Collegiate Sports Properties, Inc.)*

9

**LEOPOLD, PETRICH & SMITH, P.C.**
Louis P. Petrich
lpetrich@lpsla.com
Daniel M. Mayeda
dmayeda@lpsla.com
Tel: 310-277-3333
Fax: 310-277-7444

   - and -

**EVERHART LAW FIRM PLC**
Amy J. Everhart
amy@everhartlawfirm.com
Maria A. Spear
maria@everhartlawfirm.com
1400 Fifth Avenue North
Nashville, TN 37208
Tel: (615) 800-8919
Fax: (615) 800-8918

*Attorneys for Defendant JMI Sports LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL**
   **& BERKOWITZ, PC**
Walker W. Jones, III
wjones@bakerdonelson.com
W. Scott Welch
swelch@bakerdonelson.com
Samuel D. Gregory
sdgregory@bakerdonelson.com
P O Box 14167
Jackson, MS 39236-4167
Tel: (601) 351-2400
Fax: (601) 351-2424

John S. Hicks
jhicks@bakerdonelson.com
211 Commerce Street
Suite 800
Nashville, TN 37201
Tel: (615) 726-5600

*Attorneys for Defendant TeleSouth Communications,*
   *Inc.*

10

**WALLER, LANSDEN, DORTCH & DAVIS, LLP**
Robb S. Harvey
robb.harvey@wallerlaw.com
Todd R. Hambidge
todd.hambidge@wallerlaw.com
Nashville City Center
511 Union Street
Suite 2700
Nashville, TN 37219
Tel: (615) 244-6380
Fax: (615) 244-6804

*Attorneys for Defendant T3 Media, Inc.*

**FISH & RICHARDSON P.C.**
Thomas M. Melsheimer
melsheimer@fr.com
Thomas Walsh
walsh@fr.com
Brett Johnson
johnson@fr.com
1717 Main Street
Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

  - and -

**WISEMAN ASHWORTH LAW GROUP PLC**
Gail Vaughn Ashworth
gail@wisemanashworth.com
511 Union Street
Suite 800
Nashville, TN 37219-1734
Tel: (615) 254-1877
Fax: (615) 254-1878

*Attorneys for Defendant Learfield Sports LLC*

11

# CERTIFICATE OF SERVICE

I certify that on March 6, 2015, I caused the foregoing Reply Memorandum of Law In Support of Licensing Defendants' Motion To Dismiss the Complaint to be electronically filed via the Court's CM/ECF System. Counsel for all parties will be served via the Court's CM/ECF system at the email addresses on file.

### *Attorneys for Plaintiffs*

John Parker Branham
Stephen J. Zralek
**Bone, McAllester & Norton, PLLC**
511 Union Street, Suite 1600
Nashville, TN  37219

Tel:   (615) 238-6300
Fax:   (615) 238-6301
Email: MarshallCase@bonelaw.com.

Patrick D. McMurtray
**McMurtray Law Firm, PLLC**
P.O. Box 80
Christiana, TN  37037

Tel:   (615) 713-2288
Fax:   (866) 274-5384
Email: patrick@mcmurtraylaw.com

Richard Manson
**Manson, Jones & Whitted**
1319 Fifth Avenue North
Nashville, TN  37208

Tel:   (615) 254-1600
Email: richardmanson@comcast.net

Richard Manson
Ronald A. Stewart
**Stewart, Johnson, Conner & Manson, LLP**
215 2nd Avenue North, Suite 300
Nashville, TN  37201

Tel:   (615) 600-4614
Fax:   (615) 891-2395
Email: rstewart@stewartjohnsonlaw.com
Email: rmanson@stewartjohnsonlaw.com

### *Attorneys Defendants Disney Affiliates, ESPN Inc. & ABC, Inc.*

Evan R. Chesler
Roger G. Brooks
Wes Earnhardt
Daniel Richards
Amber Jordan
Isaac Chaput
Steph H. Atkinson
**Cravath Swaine & Moore LLP**
825 Eighth Avenue
New York, NY  10019

Tel:   (212) 474-1000
Fax:   (212) 474-3700
Email: echesler@cravath.com
Email: rgbrooks@cravath.com
Email: wearnhardt@cravath.com
Email: drichards@cravath.com
Email: ajordan@cravath.com
Email: ichaput@cravath.com
Email: satkinson@cravath.com

12

Joel D. Eckert
Samuel David Lipshie
**Bradley Arant Boult Cummings LLP**
1600 Division Street, Suite 700
Nashville, TN  37203-0025

Tel: (615) 252-2360
Fax: (615) 252-6332
Fax: (615) 252-4710
Email: jeckert@babc.com
Email: slipshie@babc.com

Nathan Siegel
Nabiha Syed
Patrick Kabat
**Levine Sullivan Koch & Schulz**
321 West 44th Street
Suite 1000
New York, NY 10036

Tel: (212) 850-6129
Fax: (212) 850-6299
Email: nsiegel@lskalaw.com
Email: nsyed@lskalaw.com
Email: pkabat@lskslaw.com

*Attorneys for Defendant CBS Broadcasting, Inc.*

Eric S. Hochstadt
James W. Quinn
Yehudah L. Buchweitz
Kevin Kramer
Joseph Adamson
Jessie Mishkin
Cameron Cook
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

Tel: (212) 310-8538
Fax: (212) 310-8000
Email: eric.hochstadt@weil.com
Email: james.quinn@weil.com
Email: yehudah.buchweitz@weil.com
Email: kevin.kramer@weil.com
Email: joseph.adamson@weil.com
Email: jessie.mishkin@weil.com
Email: cameron.cook@weil.com

R. Dale Grimes
**Bass, Berry & Sims**
150 Third Avenue South, Suite 2800
Nashville, TN  37201

Tel: (615) 742-6200
Email: dgrimes@bassberry.com

**Attorneys for Defendants CBS Collegiate Sports Properties**

Brian Robison
Robert Walters
Bradley Hubbard
**Gibson Dunn & Crutcher**
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912

Tel: (214) 698-3370
Fax: (214) 571-2928
Email: brobison@gibsondunn.com
Email: rwalters@gibsondunn.com
Email: bhubbard@gibsondunn.com

**Attorneys for Defendants JMI Sports**

Lou Petrich                            Tel:     (310) 277-3333
Daniel Mayeda                      Email: lpetrick@lpsla.com
**Leopold, Petrick & Smith PC**      Email:  dmayeda@lpsla.com
2049 Century Park East, Suite 3100
Los Angeles, CA 90067

Tel:     (615) 800-8919

Amy J. Everhart                   Email: amy@everhartlawfirm.com
Maria A. Spear                  Email: Maria@everhartlawfirm.com
**Everhart Law Firm PLC**
1400 5th Ave. N.
Nashville, TN 37208

*Attorneys for Defendant NBC*

Arthur Burke                     Tel:     (212) 450-4000
Edward Fu                       Fax:     (212) 701-5800
Dana Seshens                   Email: arthur.burke@davispolk.com
James W. Haldin               Email: edward.fu@davispolk.com
Sean Harb                      Email: dana.seshens@davispolk.com
**Davis Polk & Wardwell**         Email: james.haldin@davispolk.com
450 Lexington Avenue            Email: sean.harb@davispolk.com
New York, NY  10017

Kelli L. Sager                   Tel:     (213) 633-6821
**Davis Wright Tremaine LLP**    Email: kellisager@dwt.com
865 S. Figueroa St., Suite 2400
Los Angeles, CA  90017

Jeffrey P. Yarbro               Tel:     (615) 742-7793
**Bass, Berry & Sims**            Email: jyarbro@bassberry.com
150 Third Avenue South, Suite 2800
Nashville, TN 37201

*Attorneys for Defendants FOX, Inc. & Big Ten Network Services, LLC*

Carl R. Metz                    Email:  cmetz@wc.com
John E. Schmidtlein           Email:  jschmidtlein@wc.com
Kevin T. Baine                Email:  kbaine@wc.com
Thomas G. Hentoff            Email:  thentoff@wc.com
Daniel Feith                   Email:  dfeith@wc.com
Christopher Berg             Email:  cberg@wc.com
**Williams & Connolly**
725 12th Street, NW
Washington, DC  20005

2339701.3

Hal D. Hardin       Tel: (615) 369-3377
**Hardin Law Office**     Email:  hal@hardinlawoffice.com
2100 Union Street, Suite 200  Email:  halhardin@aol.com
Nashville, TN 37201-1502

### *Attorneys for Defendant Atlantic Coast Conference*

David Alexander Fardon   Tel: (615) 256-0500
**Harwell, Howard, Hyne, Gabbert** Email:  daf@h3gm.com
 **& Manner, P.C.**
333 Commerce Street, Suite 1500
Nashville, TN 37201

Jon Heyl        Tel:  (704) 384-2625
**Smith Moore Leatherwood LLP** Email: jon.heyl@smithmoorelaw.com
101 N. Tryon St., Suite 1300
Charlotte, NC 28246

D. Erik Albright     Tel: (336) 378-5200
Greg Holland      Fax: (336) 378-5400
**Smith Moore Leatherwood**  Email:  erik.albright@smithmoorelaw.com
300 N. Greene Street, Suite 1400 Email:  greg.holland@smithmoorelaw.com
Greensboro, NC 27401

### *Attorneys for Defendants Big 12 Conference & Conference USA*

Reid Daniel Leitner    Tel: (615) 255-7722
J. Gregory Grisham    Fax: (615) 780-2210
**Leitner, Williams, Dooley, and Napolitan** Email:  reid.leitner@leitnerfirm.com
414 Union Street, Suite 1900  Email:  greg.grisham@leitnerfirm.com
Nashville, TN 37219

Leane K. Capps     Tel: (214) 661-5537
Kevin Sweeney     Email:  afitts@polsinelli.com
Dan McGuire      Email:  lcapps@polsinelli.com
Caitlin Morgan     Email:  ksweeney@polsinelli.com
**Polsinelli PC**      Email:  dmcguire@polsinelli.com
2501 N. Harwood, Suite 1900  Email:  cmorgan@polsinelli.com
Dallas, TX 75201

Brett Randol      Tel: (816) 572-4755
Amy D. Fitts      Fax: (816) 374-0509
**Polsinelli PC**      Email:  brandol@Polsinelli.com
900 W. 48th Place, Suite 900  Email:  afitts@Polsinelli.com
Kansas City, MO 64112

15

2339701.3

### *Attorneys for Defendant Telesouth Communications, Inc.*

John S. Hicks
Dale Cook
**Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC**
211 Commerce Street, Suite 800
Nashville, TN 37201

Tel:    (615) 726-5600
Email: jhicks@bakerdonelson.com
Email: dcook@bakerdonelson.com

Walker W. Jones, III
W. Scott Welch
Samuel Gregory
**Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC**
P O Box 14167
Jackson, MS 39236-4167

Tel:    (601) 351-2413
Fax:   (601) 592-2413
Email: wjones@bakerdonelson.com
Email: swelch@bakerdonelson.com
Email: sgregory@bakerdonelson.com

### *Attorneys for Defendant Southeastern Conference*

Aubrey B. Harwell, Jr.
James Franklin Sanders
James Isaac Sanders
Jenny Lewis
Marylou Kintner
**Neal & Harwell**
150 Fourth Avenue North
2000 First Union Tower
Nashville, TN 37219-2498

Tel:    (615) 244-1713
Fax:   (615) 726-0573
Email: aharwell@nealharwell.com
Email: jsanders@nealharwell.com
Email: isanders@nealharwell.com
Email: ilewis@nealharwell.com
Email: mkintner@nealharwell.com

Mark W. Merritt
Robert W. Fuller
**Robinson Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246

Tel:    (704) 377-2536
Fax:   (704) 373-3924
Email: mmerritt@rbh.com
Email: rfuller@rbh.com

### *Attorneys for Defendant Big Ten Conference*

Andrew S. Rosenman
Britt Marie Miller
Richard J. Favretto
Jon Barrett
**Mayer Brown LLP**
71 S. Wacker Drive
Chicago, IL 60606

Tel:    (312) 782-0600
Email: arosenman@mayerbrown.com
Email: bmiller@mayerbrown.com
Email: rfavretto@mayerbrown.com
Email: jab@barrettlawpc.com

2339701.3

Jay Scott Bowen                                   Tel:    (615) 329-4440
William V. Parsons, III                           Fax:    (615) 329-4485
**Shackelford Bowen Zumwalt & Hayes**            Email:  jay@bowenhayes.com
47 Music Square East                             Email:  will@bowenhayes.com
Nashville, TN  37203


*Attorneys for Defendant Ohio Valley Conference*

Margaret Louise Behm                              Tel:    (615) 254-2291
Tyler Chance Yarbro                               Fax:    (615) 726-2241
**Dodson Parker Behm & Capparella, P.C.**        Email:  behm@dodsonparker.com
1310 6th Avenue North                          Email:  tyarbro@dodsonparker.com
Nashville, TN  37208


*Attorneys for Defendants Pacific-12 Conference & Big East Conference*

Jennifer L. Jones                                 Tel:    (310) 557-0273
Sarah Kroll-Rosenbaum                             Email:  jljones@proskauer.com
Scott P. Cooper                                   Email:  skroll-rosenbaum@proskauer.com
Jacquelyn Ferry                                   Email:  scooper@proskauer.com
**Proskauer Rose**                               Email:  jferry@proskauer.com
2049 Century Park East
Los Angeles, CA 90067-3206


John R. Jacobson                                  Tel:    (615) 320-3700
James Bowen                                       Email:  jjacobson@rwjple.com
Elizabeth Gonser                                  Email:  jbowen@rwjple.com
**Riley, Warnock & Jacobson**                    Email:  egonser@rwjple.com
1906 West End Avenue
Nashville, TN  37203


*Attorneys for Defendant T3 Media, Inc.*

Robb S. Harvey                                    Tel:    (615) 244-6380
Todd Hambidge                                     Email:  robb.harvey@wallerlaw.com
**Waller, Lansden, Dortch & Davis, LLP**         Email:  todd.hambidge@wallerlaw.com
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN  37219

17

2339701.3

***Attorneys for Defendant Learfield Sports LLC***

Gail Vaughn Ashworth            Tel:    (615) 254-1877
**Wiseman Ashworth Law Group PLC**    Fax:    (615) 254-1878
511 Union Street, Suite 800        Email:  gail@wisemanashworth.com
Nashville, TN  37219-1734


Tom Walsh                Tel:    (214) 747-5070
Thomas M. Melsheimer        Fax:    (214) 747-2091
Brett Johnson            Email:  walsh@fr.com
Grant Schmidt            Email:  melsheimer@fr.com
**Fish & Richardson**        Email:  johnson@fr.com
1717 Main Street, Suite 5000    Email: gschmidt@fr.com
Dallas, TX 75201

_____/s/ David Singer_____

2339701.3